IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Carroll Independent School District**, *Plaintiff*, v. **United States Department of Education,** et al., *Defendants*. | **Case No.** 4:24-cv-00461-O<br><br>**Oral Argument Requested** |

# PLAINTIFF'S MOTION TO DELAY EFFECTIVE DATE AND FOR PRELIMINARY INJUNCTION

The Department of Education's new Title IX Rule will force Plaintiff Carroll Independent School District—and school districts nationwide—to embrace a radical gender ideology that harms students, teachers, and particularly girls—the very group Title IX sought to help. The Department of Education's gender-identity mandate fundamentally rewrites the statute Congress enacted fifty years ago. Title IX recognizes that schools may take account of the enduring differences between males and females to provide equal opportunity for women and girls and to protect the safety and privacy of all. And because neither staff nor students surrender their First Amendment rights on campus, Title IX has long been interpreted to protect the freedom of speech—including freedom to disagree with federal government's preferred gender ideology without being accused of sex-based harassment and investigated or disciplined.

On his first day in office, President Biden unilaterally attempted to conform the entire United States Code to the Supreme Court's decision in *Bostock v. Clayton County*, 590 U.S. 644 (2020). Exec. Order No. 13,988, 86 Fed. Reg. 7023, 7023 (Jan. 20, 2021). The *Bostock* Court held that terminating an employee "simply for being

homosexual or transgender" constitutes discrimination "'because of … sex" under Title VII. 590 U.S. at 681. Yet the Court did "not purport to address bathrooms, locker rooms, or anything else of the kind." *Id.* Undeterred by that disclaimer, the Department of Education (ED) published an Interpretation and Fact Sheet applying *Bostock* to Title IX—despite the significant textual and contextual differences between Title VII and Title IX—and pledging to "fully enforce Title IX to prohibit discrimination based on sexual orientation and gender identity." Enforcement of Title IX of the Education Amendments of 1972 With Respect to Discrimination Based on Sexual Orientation and Gender Identity in Light of *Bostock v. Clayton County*, 86 Fed. Reg. 32,637 (June 22, 2021). And now ED has promulgated its Rule, which together with the Interpretation and Fact Sheet, grafts a gender-identity mandate onto Title IX. Plaintiff asks the Court to delay the effective date of the Rule and enjoin enforcement of a gender-identity mandate based on the Rule, the Interpretation and Fact Sheet, or any related agency action.

The gender-identity mandate—whether enforced under the Rule or under the Interpretation and Fact Sheet—cannot be squared with Title IX or constitutional canons of construction. The Rule is also arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 706. Congress enacted Title IX to promote equal opportunity for women and girls. The law prohibits educational institutions from discriminating on the basis of sex, and its text references the biological, binary reality that a human is either male or female. Because there are enduring biological differences between the two sexes, Title IX recognizes that schools may separate the sexes to equalize opportunity for women and girls and to protect the privacy interests of all. Title IX's antidiscrimination rule differs from Title VII and other antidiscrimination statutes in this crucial respect: Title IX does not require blindness to sex. Instead, it requires *considering* sex to promote equal opportunity. *Bostock* cannot apply to Title IX, and ED cannot use its gender identity ideology to police

speech on campuses nationwide. But absent this Court's intervention, ED will force Carroll ISD to amend or repeal its policies that respect the differences between males and females, train all its staff on the new gender-identity mandate, and impose policies that will violate the constitutional rights of its students and staff.

Plaintiff therefore respectfully requests that the Court delay the effective date of the challenged portions of the Rule, Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (April 29, 2024). Specifically, Plaintiff asks this Court to delay the effective date of:

- A. the Rule's gender-identity mandate, including 34 C.F.R. §§ 106.10 and 106.31(a)(2) as amended by the Rule;
- B. the Rule's standard for sex-based harassment, including 34 C.F.R. §§ 106.2 and 106.44(a) as amended;
- C. the Rule's elimination of the actual knowledge or deliberate indifference requirement for sex discrimination, 34 C.F.R. § 106.44(f)(1) as amended; implementation of the Title IX coordinator's duty to self-initiate a grievance process 34 C.F.R. § 106.44(f)(1)(v) as amended; and gag order requirement, 34 C.F.R. § 106.45(b)(5) as amended.

Plaintiff also requests this Court enter a preliminary injunction prohibiting Defendants from enforcing the challenged portions of the Rule and ED's gender-identity mandate, whether implemented through its Rule, Interpretation and Fact Sheet, or any other guidance document or other agency action during this litigation. Specifically, Plaintiff moves that pending completion of this litigation the Court hold unlawful and set aside:

- A. the Rule's definition of "sex-based discrimination" in 34 C.F.R. § 106.10, and the corresponding definition in the Interpretation and the Fact Sheet;

    B.    the Rule's de minimis harm provision in 34 C.F.R. § 106.31(a)(2);

    D.    the Rule's elimination of the actual knowledge or deliberate indifference requirement for sex discrimination, 34 C.F.R. § 106.44(f)(1) as amended; implementation of the Title IX coordinator's duty to self-initiate a grievance process 34 C.F.R. § 106.44(f)(1)(v) as amended; and gag order requirement, 34 C.F.R. § 106.45(b)(5) as amended.

Plaintiff further requests that the Court enter a preliminary injunction preventing Defendants, their employees, agents, successors, and all persons in active concert or participation with them, from implementing, enforcing, or applying the Rule, the Interpretation and Fact Sheet, or any related agency action to require recipients of federal funding to:

    i.    Apply Title IX's prohibition on discrimination "on the basis of sex" as a prohibition on discrimination on the basis of gender identity.

    ii.    Apply Title IX's prohibition on discrimination "on the basis of sex" as a prohibition on discrimination on the basis of sex stereotypes.

    iii.    Enroll students in classes or athletic programs based on students' gender identity instead of their sex.

    iv.    Open single-sex overnight accomodations, locker rooms, changing rooms, showers, or restrooms to individuals of the opposite biological sex.

    v.    Enforce a definition of "sex-based harassment" that treats disfavored speech on the topic of gender identity as prohibited harassment or that treats failure to use names or pronouns inconsistent with a person's sex as prohibited harassment.

    vi.    Self-initiate a grievance process; and

    vii.    Issue gag orders during a grievance process.

In support of this motion, Plaintiff relies on the attached memorandum and appendix along with its Complaint (ECF No. 1).

Because the relief requested would serve the public interest and protect constitutional rights, Plaintiff requests that the Court waive the security or bond requirement under Federal Rule of Civil Procedure 65(c). *City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. 1981). No security requirement attends a stay under 5 U.S.C. § 705.

Respectfully submitted this 30th day of May, 2024.

**Tim Davis**
Texas Bar No. 24086142
**Allison Allman**
Texas Bar No. 24094023
**Trevor Paul**
Texas Bar No. 24133388
**JACKSON WALKER LLP**
777 Main Street, Suite 2100
Fort Worth, Texas 76102
Telephone: (817) 334-7200
tdavis@jw.com
aallman@jw.com
tpaul@jw.com

**Jonathan A. Scruggs***
Arizona Bar No. 030505
**ALLIANCE DEFENDING FREEDOM**
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
jscruggs@ADFLegal.org

*/s/ Natalie D. Thompson*
**Natalie D. Thompson****
Texas Bar No. 24088529
**ALLIANCE DEFENDING FREEDOM**
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
nthompson@ADFlegal.org

**Tyson C. Langhofer***
Virginia Bar No. 95204
**Mathew W. Hoffmann***
DC Bar No. 1617417
**ALLIANCE DEFENDING FREEDOM**
44180 Riverside Pkwy
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4656
tlanghofer@ADFlegal.org
mhoffmann@ADFlegal.org

*Counsel for Plaintiff*

**Admitted pro hac vice*

***Practice supervised by one or more D.C. Bar members while D.C. Bar application is pending.*

5

## CERTIFICATE OF SERVICE

I certify that on May 30, 2024, this document was served on all counsel of record via the Court's CM/ECF system and on Elizabeth Tulis, lead counsel for Defendants, via USPS mail with a courtesy copy to Elizabeth.Tulis@usdoj.gov.

                                         */s/ Natalie D. Thompson*
                                         Natalie D. Thompson
                                         Counsel for Plaintiff

## CERTIFICATE OF CONFERENCE

On May 29, 2024, I conferred by telephone with Elizabeth Tullis and Benjamin Takemoto, counsel for Defendants, regarding this motion. Counsel stated that Defendants oppose the relief requested.

                                         */s/ Natalie D. Thompson*
                                         Natalie D. Thompson
                                         Counsel for Plaintiff