IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Carroll Independent School District**,<br><br>*Plaintiff*,<br><br>v.<br><br>**United States Department of Education,** et al.,<br><br>*Defendants*. | **Case No.** 4:24-cv-00461-O |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DELAY EFFECTIVE DATE AND FOR <u>PRELIMINARY INJUNCTION</u>

Before the Court is Plaintiff Carroll Independent School District's motion to delay effective date and for preliminary injunction. (ECF No. 15.) Having considered the motion, evidence, briefs, and arguments of the parties, the Court GRANTS the motion and postpones in part the August 1, 2024, effective date of the Department of Education's final rule, Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (April 29, 2024) (the Rule), until completion of judicial review. The Court also enjoins enforcement of the Rule's gender-identity mandate and other challenged provisions, along with the gender-identity mandate reflected in the Department of Education's guidance document *Enforcement of Title IX of the Education Amendments of 1972 With Respect to Discrimination Based on Sexual Orientation and Gender Identity in Light of* Bostock v. Clayton County," 86 Fed. Reg. 32,637 (June 22, 2021) ("Interpretation"), and the publication entitled *Confronting Anti-LGBTQI+ Harassment in Schools: A Resource for Students and Families*, issued jointly by the Department of Education's Office of Civil Rights and the Department of Justice's Civil

1

Rights Division on June 23, 2021 ("Fact Sheet").

For the reasons set out in its accompanying memorandum opinion, the Court finds that Plaintiff is likely to succeed on the merits of its claims, that Plaintiff will suffer irreparable harm unless the Rule's effective date is postponed and enforcement is enjoined, that the harm to Plaintiff outweighs any harm that temporary relief would cause Defendants, and that relief is in the public interest.

Therefore, pursuant to 5 U.S.C. § 705, the Court postpones in part the August 1, 2024, effective date of the Rule. The effective date is postponed as to: the Rule's gender-identity mandate, including 34 C.F.R. §§ 106.10 and 106.31(a)(2) as amended; the Rule's standard for unlawful sex-based harassment, including 34 C.F.R. §§ 106.2 and 106.44(a) as amended; the Rule's elimination of the actual knowledge or deliberate indifference requirement for sex discrimination, 34 C.F.R. § 106.44(f)(1) as amended; the Rule's provision requiring a Title IX coordinator to self-initiate a grievance process, 34 C.F.R. § 106.44(f)(1)(v) as amended; and its gag order requirement, 34 C.F.R. § 106.45(b)(5) as amended.

While this litigation is pending:

Defendants are enjoined from enforcing a gender-identity mandate under Title IX in reliance on the Rule, the Interpretation and Fact Sheet, or any other agency action. In particular, Defendants may not require Plaintiff to apply a gender-identity mandate under Title IX to sex-specific classes and athletics programs, restrooms, locker rooms, overnight accommodations, and other educational programs or activities.

Defendants are enjoined from enforcing the Rule's standard for unlawful sex-based harassment and a recipient's liability for sex discrimination, including 34 C.F.R. §§ 106.2 and 106.44(f)(1) as amended, the Rule's requirement that a Title IX coordinator self-initiate certain grievance processes; 34 C.F.R. § 106.44(f)(1)(v) as amended; and gag order requirement, 34 C.F.R. § 106.45(b)(5) as amended.

Defendants are enjoined from requiring Plaintiff to enforce or apply these provisions and standards, or any policy implementing these provisions and standards, against its students, staff, or any other individual.

No security or bond is required.

This Order is effective immediately and shall remain in effect until final resolution of this case or further order.

IT IS SO ORDERED.

Signed this __ day of ____, 2024.

_____
Hon. Reed O'Connor
United States District Judge