# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | Case No. 2:24-cv-86-Z <br> District Judge Matthew J. Kacsmaryk |
| CARROLL INDEPENDENT SCHOOL DISTRICT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | Case No. 4:24-cv-00461-O <br> District Judge Reed O'Connor |

**DEFENDANTS' MOTION TO CONSOLIDATE CASES**

Last month, the Department of Education issued a rule titled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) [hereinafter Final Rule]. Among other things, the Final Rule amends the Department's Title IX regulations to provide greater protections for all students by clarifying (1) the scope and application of Title IX and (2) the obligations of schools to provide an educational environment free from discrimination on the basis of sex, including through responding to incidents of sex discrimination. In the weeks after the Final Rule was issued, Texas

1

and the Carroll Independent School District—two public entities—filed separate suits in this district challenging the Final Rule. Both suits are at the preliminary stage, contain substantially similar claims, and seek substantially similar relief against significantly overlapping Defendants (the Department of Education and various officials thereof). Before these cases proceed any further, with Defendants unnecessarily drafting responses to and two courts unnecessarily reviewing two preliminary injunction motions, the Court should quickly streamline these cases by consolidating them pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure.[1]

## BACKGROUND

Plaintiff the State of Texas filed its lawsuit in the U.S. District Court Northern District of Texas on April 29, 2024. *See* Compl., *Texas v. ED*, No. 2:24-cv-86-Z (N.D. Tex.), ECF No. 1. Texas named as Defendants the United States; the Department of Education; Secretary Miguel Cardona; Assistant Secretary for Civil Rights Catherine Lhamon; and Deputy Assistant Secretary for Enforcement Randolph Wills. *See id*. ¶¶ 8-12. On May 13, 2024, the State of Texas and two individual plaintiffs filed an Amended Complaint. *See Am. Compl.*, Texas v. ED, No. 2:24-cv-86-Z (N.D. Tex.), ECF No. 12.

Three weeks after Texas filed its original complaint, Plaintiff Carroll Independent School District filed its lawsuit in the U.S. District Court Northern District of Texas. *See* Compl., *Carroll Independent School District v. ED*, No. 4:24-cv-00461-O (N.D. Tex.), ECF No. 1. Just like in *Texas*, Carroll Independent School District ("Carroll ISD") named as Defendants the Department of Education; Secretary Cardona; and Assistant Secretary Lhamon. *See id*. ¶¶ 45-50. It also named the Department of Justice; Attorney General Garland; and Kristen Clarke, in her official capacity

---

[1] Undersigned counsel for the Defendants conferred with counsel for the Plaintiffs in both actions. Both indicated that they oppose consolidation.

2

as Assistant Attorney General for the Civil Rights Division of the Department of Justice. *See id*. ¶¶ 51-59.

Plaintiffs in both actions seek to vindicate the same alleged interest based on the same alleged injury. As Texas states, "Texas independent school districts [such as the Carroll ISD] . . . are instrumentalities of the State," and both plaintiffs' alleged injury includes the potential loss of the same federal dollars for the Carroll ISD. *See, e.g.*, *Texas* Am. Compl. ¶ 137; *see id.* ¶¶ 117-122, 129-130, 140; *see also Carroll* Compl. ¶¶ 29-31.

Both actions challenge the Final Rule, which, among other things, amends the Title IX regulations to clarify (1) the procedures that schools must follow to adjudicate Title IX complaints and (2) the scope of Title IX's prohibition of discrimination on the basis of sex, including as it relates to sex stereotypes, sex characteristics, pregnancy or related conditions, sexual orientation, and gender identity. *Carroll* also involves a challenge to two nonbinding informational documents that express the Department of Education's general view that Title IX prohibits discrimination on the basis of sexual orientation and gender identity. *See* Enforcement of Title IX of the Education Amendments of 1972 With Respect to Discrimination Based on Sexual Orientation and Gender Identity in Light of Bostock v. Clayton County, 86 Fed. Reg. 32,637 (June 22, 2021); U.S. Dep't of Justice & U.S. Dep't of Educ., Confronting Anti-LGBTQI+ Harassment in Schools: A Resource for Students and Families, https://perma.cc/KA47-U9LJ ("Fact Sheet").

The *Texas* case and the *Carroll* case contain substantially similar allegations, substantially similar causes of action, and substantially similar defendants. Importantly, both complaints raise similar allegations with respect to the Final Rule. For example, both complaints allege that the Rule's scope-of-sex-discrimination provision is contrary to Title IX, *see Texas* Am. Compl. ¶¶ 188-203; *Carroll* Compl. ¶¶ 239-249; both allege that the Rule requires an interpretation of

Title IX that violates the Spending Clause, *see Texas* Am. Compl. ¶¶ 102-105; *Carroll* Compl. ¶¶ 256-260; and both allege that the Rule is arbitrary and capricious in violation of the Administrative Procedure Act. *See Texas* Am. Compl. ¶¶ 226-253; *Carroll* Compl. ¶¶ 297-316. Furthermore, both complaints seek the same relief, namely that the Rule be set aside. *See Texas* Am. Compl. at 63; *Carroll* Compl. at 52.

## LEGAL STANDARD

District courts may consolidate pending actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a)(2); *Miller v. USPS*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion."). The parties to a consolidated suit retain all of the rights that they would have had if the actions had proceeded separately because "the two suits retain their separate identities" and require "the entry of a separate judgment." *Miller*, 729 F.2d at 1036.

In determining whether to consolidate actions, "[t]he primary factor is the existence of common questions of law or fact," but the court may look to other factors, including the following:

> whether the actions are pending before the same court; whether the actions involve a common party; whether any risk of prejudice or confusion will result from consolidation; whether there is any risk of inconsistent adjudications of common factual or legal questions; whether consolidation will reduce the time and cost of trying the cases separately; and whether the cases are at the same stage of preparation for trial.

*Missouri v. Biden*, No. 3:22-CV-01213, 2023 WL 4721172, at *1 (W.D. La. July 24, 2023); *see also Tanzy v. Wolf*, No. 3:20-CV-3161-X-BH, 2020 WL 11627343, at *1 (N.D. Tex. Dec. 23, 2020). Courts have broad discretion in deciding whether to consolidate actions. *See Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).

## ARGUMENT

I. **The Relevant Factors Weigh in Favor of Consolidation.**

The above criteria weigh in favor of consolidating the *Texas* and *Carroll* cases.

*First*, and most importantly, both actions involve common questions of law.[2] As referenced above, the complaints have substantially overlapping claims and requests for relief. In particular, they both seek to set aside the Final Rule because, in the plaintiffs' view, the Rule is contrary to Title IX and is arbitrary and capricious. *See generally Texas* Am. Compl. ¶¶ 102-105, 188-203; 226-253; *Carroll* Compl. ¶¶ 239-249; 256-260; 297-316. Resolving the two cases will require any court hearing the cases to adjudicate the same issues. Further, because the two cases are currently before different courts in this District, failure to consolidate them risks inconsistent adjudication of some or all of these numerous common questions of law.

*Second*, the two actions name substantially similar defendants. Both cases name the Department of Education, Secretary Cardona in his official capacity, and Assistant Secretary Lhamon in her official capacity. Although *Texas* also names the United States and Deputy Assistant Secretary Wills in his official capacity, s*ee Texas* Am. Compl. ¶¶ 10, 14, that is a distinction without a difference. Because Deputy Assistant Secretary Wills was named in his official capacity, there are no separate claims or relief that would uniquely inure to him as opposed to the Department of Education, which is a common defendant in both cases. *See Grose v. Napolitano*, 583 F. App'x 334, 335 (5th Cir. 2014) (unpublished) ("Because a lawsuit against a federal official in her official capacity is essentially a lawsuit against the entity she represents, for

---

[2] Because Plaintiffs in both cases brought Administrative Procedure Act challenges against the Final Rule, the Court's review is limited to the administrative record associated with the Final Rule. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). There are accordingly no factual questions on the merits, common or otherwise.

5

the purposes of this appeal we treat as one entity DHS, FEMA, and the individual defendants in their official capacities."). Likewise, while *Carroll* names the Department of Justice and two of its officers in their official capacities, these, like the common Defendants, are federal entities represented by the same counsel as the common Defendants, and they are included based on the allegation that they are empowered to "bring[] enforcement actions for noncompliance on behalf of [common Defendant Department of Education]." *Carroll* Compl. ¶¶ 52, 55, 58; *see generally id.* ¶¶ 51-59.

Similarly, and as discussed further below, the Plaintiffs in the two cases effectively overlap, as the *Carroll* Plaintiff is an entity of the State of Texas, which is the lead plaintiff in the *Texas* case. *See, e.g.*, *Texas* Am. Compl. ¶ 137 ("Texas independent school districts [such as the Carroll ISD] . . . are instrumentalities of the State."). Indeed, Texas purports to be acting on the *Carroll* Plaintiff's behalf in its challenge to the same Rule challenged in the *Carroll* case, and each claims to be injured by the potential loss of the same federal funding. *See id.* ¶¶ 117-122, 129-130, 140; Pls.' Mot. for Stay & Prelim. Inj. at 47-48, ECF No. 16 (arguing that "[t]he Final Rule . . . conflicts with the policies adopted by some of Texas's political subdivisions," including, specifically, Carroll ISD); *see also Carroll* Compl. ¶¶ 29-31.

*Third*, neither the *Texas* Plaintiffs nor Carroll ISD would be prejudiced by consolidation. To the contrary, consolidation would eliminate duplicative briefing, argument, and judicial review of the same or substantially similar claims, leading to more efficient litigation. *See Miller*, 729 F.2d at 1036 ("Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion."). And the plaintiffs would not lose any rights as a result of consolidation. *See Shafer*, 376 F.3d at 395 (consolidation does not deprive a party of any substantial rights that they may have had if the actions had proceeded separately). Furthermore, consolidation would

6

eliminate any risk of inconsistent results for all the plaintiffs and defendants. *Miller*, 729 F.2d at 1037.

*Fourth*, consolidation would conserve the parties' resources and promote judicial economy. Once again, both complaints raise substantially similar arguments and seek substantially similar relief against the same regulation. *See Miller*, 729 F.2d at 1036; *see also Webb v. Equifax and Chase Bank*, No. 14-CV-00345, 2014 WL 12594192, at *2 (W.D. Tex. Sept. 19, 2014) (consolidating actions because plaintiffs sued each of the defendants pursuant to the same laws and based on the same facts and because defendants would likely assert similar defenses). There is no reason for the parties to prepare and two different Courts to review two sets of briefing on the motions for a preliminary injunction; motions for summary judgment; and any other motion that is filed in these cases.

*Finally*, both actions are at the same preliminary stage of litigation. The Final Rule was issued just one month ago, and the cases were each filed shortly thereafter, within three weeks of each other. The *Texas* Plaintiffs served a Motion for Preliminary Injunction on May 15, 2023, and Carroll ISD filed a Motion for Preliminary Injunction on May 30.[3] Under these circumstances, consolidation is warranted. *See Missouri*, 2023 WL 4721172, at *2.

---

[3] This circumstance, among others, distinguishes the propriety of consolidation between the two cases at issue in this motion and the potential consolidation of the *Texas* case at issue here and *Texas v. Cardona*, No. 4:23-cv-604-O (N. D. Tex.), in which Texas is challenging the Department's June 2021 Title IX Guidance. Unlike the two cases at issue in the instant motion, *Texas v. Cardona* was filed almost a year before the cases at issue here and is at a much different stage of litigation, with cross-motions for summary judgment fully briefed and pending before the court. *See, e.g., Arrieta v. Yellow Transp., Inc.*, No. CIVA3:05CV2271-D, 2009 WL 90359, at *2 (N.D. Tex. Jan. 13, 2009) ("The court denies YTI's motion to consolidate because the cases are at materially different stages of trial preparation.").

## II. Consolidation Would Obviate the Claim-Splitting Problem Posed by Two Cases Brought by Texas and Its Subdivision on the Same Subject to Protect the Same Alleged Injury.

In addition to the above factors supporting consolidation, an additional consideration further militates in favor of consolidation here. As discussed above, the Plaintiffs at issue include a state and one of its subdivisions, asserting the same interest. *See supra* at 6; *see also Texas* Am. Compl. ¶ 137; *see generally Sierra Club v. City of San Antonio*, 115 F.3d 311, 314 (5th Cir. 1997) ("Under Texas law, the Attorney General enjoys an exclusive right to represent state agencies; other attorneys who may be permitted to assist the Attorney General are subordinate to his authority."). The two Complaints thus implicate the rule against claim splitting, which "prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Gen. Land Off. v. Biden*, 71 F.4th 264, 269–70 (5th Cir. 2023).

Texas and Carroll ISD are, at a minimum, in privity with each other for purposes of the rule against claim splitting. Both complaints assert an identical interest: the potential loss of federal funds for Texas school districts, including Carroll ISD. *See Texas* Am. Compl. ¶¶ 117-122, 129-130, 140; *Carroll* Compl. ¶¶ 29-31. As the Fifth Circuit has explained, parties are in privity

> where the non-party's interests were adequately represented by a party to the original suit. . . . Where lawsuits involve different agencies of the same state, the crucial point is whether or not in the earlier litigation the representative of [the state] had authority to represent [the state's] interests in a final adjudication of the issue in controversy.

*Gen. Land Off. v. Biden*, 71 F.4th at 270 (second and third alteration in original; internal quotations omitted). In sum, because both actions are brought on the same subject matter by plaintiffs in privity with each other against the same defendants, they cannot properly both be prosecuted independently. *See generally supra* Part I.

Consolidation would obviate much of this problem. Courts in this circuit have held that, consolidation of actions that cannot be maintained independently because they violate the rule against claim splitting is preferable to dismissal, if consolidation is warranted in the circumstances. *See, e.g., id.* at 271 n.9 ("[E]ven if the dissent is correct and the parties were in privity, the district court should not have dismissed Texas after it consolidated the cases."); *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (consolidation of duplicative suits is preferable to dismissal of the second suit). Accordingly, the Court should consolidate the actions at issue for this independent reason.[4]

## CONCLUSION

For the forgoing reasons, the Court should grant the Defendants' motion to consolidate these actions pursuant to Rule 42(a)(2).

---

[4] In addition to its claims challenging the Final Rule which broadly overlap with Texas's claim in the instant case, Carroll ISD also asserts certain claims challenging certain guidance documents. *See, e.g., Carroll* Compl. ¶¶ 317-346. These other claims overlap with Texas's claims in *Texas v. Cardona*, No. 4:23-cv-604-O (N. D. Tex.). As explained above, *supra* note 3, *Texas v. Cardona* is in a different stage of litigation and is accordingly inappropriate for consolidation with either of the cases at issue in this motion. Defendants reserve the right to seek dismissal of those other overlapping claims of Carroll ISD on claim-splitting grounds at a future time. Defendants also reserve the right to seek dismissal of all of Carroll ISD's claims if their motion for consolidation is not granted.

9

Dated: May 31, 2024                    Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       Principal Deputy Assistant Attorney General

                                       EMILY B. NESTLER
                                       Assistant Branch Director

                                       /s/ Elizabeth Tulis
                                       ELIZABETH TULIS
                                       Trial Attorney
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       1100 L St. NW
                                       Washington, DC 20005
                                       Phone: (202) 514-9237
                                       Fax: (202) 616-8470
                                       E-mail: elizabeth.tulis@usdoj.gov

                                       *Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I certify that on May 29, 2024, I conferred by videoconference with Ryan Walters, Chief, Special Litigation, Office of the Texas Attorney General, and by telephone with Natalie Thompson, counsel for Carroll Independent School District, about this motion. By email on May 30, 2024, Mr. Walters and Ms. Thompson informed me that Plaintiffs in each case oppose the relief sought. Specifically, Mr. Walters confirmed that "Plaintiffs would not support consolidation with the Carroll ISD case filed in the Fort Worth Division." Ms. Thompson stated that "Carroll ISD opposes a motion to consolidate moving its case from Fort Worth up to Amarillo."

/s/ Elizabeth Tulis

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system. In addition, I served the document via email on the following:

Allison Allman, aallman@jw.com

Jonathan Scruggs, jscruggs@adflegal.org

Mathew Hoffmann, mhoffmann@adflegal.org

Natalie Deyo Thompson, nthompson@adflegal.org

Timothy Davis, tdavis@jw.com

Trevor Paul, tpaul@jw.com

Tyson Charles Langhofer, tlanghofer@adflegal.org

*Attorneys for Carroll Independent School District*

/Elizabeth Tulis