IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **State of Texas,** et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> **United States of America,** et al., <br><br> *Defendants*. | Case No. 2:24-CV-86-Z |

**CARROLL INDEPENDENT SCHOOL DISTRICT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

Defendants the United States of America, Miguel Cardona, United States Department of Education, Catherine Lhamon, and Randolph Wills (collectively, "the Government") filed a motion to consolidate (ECF No. 26) this case with *Carroll Independent School District v. Department of Education*, No. 4:24-cv-461-O, which is pending in the Fort Worth Division. Carroll Independent School District (Carroll ISD) serves the people of Southlake, Texas, which is located 339 miles southeast of Amarillo. It brought suit in the Fort Worth Division of the Northern District of Texas because that venue is its home. Like Carroll ISD, the Texas Attorney General has challenged the Department of Education's new Title IX Rule under the Administrative Procedure Act. *Texas v. United States*, No. 2:24-cv-86-Z. But Carroll ISD's independently elected board of trustees answers to the people of Southlake, not the state government in Austin, and Carroll ISD's case includes distinct claims and legal theories.

Even setting aside the 339-mile trip from Southlake to Amarillo, little efficiency would be gained through consolidation. Judicial economy is a wash because either way, two different courts will be considering APA challenges to the same

1

agency actions—consolidation might avoid duplication as to the Rule, but it would create duplication as to the Interpretation and Fact Sheet that also impose a gender-identity mandate. The State and Carroll ISD would not conserve resources through consolidation because they will brief and argue their claims independently even if the cases are consolidated. And for the same reasons, consolidation would not promote judicial economy. The Government may think it more convenient to consolidate the two challenges to the Rule in the Amarillo Division, but any marginal convenience to lawyers at the Department of Justice is outweighed by the injury of preventing Carroll ISD from litigating its APA claims in its home venue. Carroll ISD respectfully requests that the Court deny the Government's motion to consolidate (ECF No. 26).

## LEGAL STANDARD

Overlapping cases may be consolidated under Federal Rule of Civil Procedure 42 "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Harris Cnty. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999). The movant must shoulder a "significant" "good cause" burden to "clearly demonstrate" that transfer is appropriate because "the plaintiff's choice of venue is entitled" to "appropriate deference." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 & n.10 (5th Cir. 2008) (en banc). Where two cases are related but "'the overlap … is less than complete,'" the district court with the first-filed case has discretion to consolidate the two. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 974, 950–51 (5th Cir. 1997); *Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). The Court considers "such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power*, 121 F.3d at 951; *see also Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993). The Court also applies the

2

factors under the venue-transfer analysis, including the "convenience of parties and witnesses." *Harris Cnty.*, 177 F.3d at 319 (quoting 28 U.S.C. § 1404(a)).

## ARGUMENT

### I. Consolidation would not avoid duplication or promote efficiency, and it would prejudice Carroll ISD.

Carroll ISD does not dispute that its case is a "related matter." *See* No. 4:24-cv-461-O, ECF No. 2 (Notice of Related Cases, Attachment B to Civil Cover Sheet) (noting as much). While there is some overlap between the respective defendants and the plaintiffs' respective claims, that is not enough to warrant consolidation. The Government has not carried its burden for three main reasons: *first*, consolidation would force Carroll ISD to litigate its case 339 miles away from home; *second*, consolidation would create duplication as to Carroll ISD's APA claims against earlier agency actions; and *third*, any efficiency gains would be minimal because Carroll ISD and Texas will be litigating their cases independently.

**A.** The large distance between Carroll ISD's home venue and Amarillo counsels heavily against consolidation. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 317. It is "obvious" that "it is more convenient for witnesses to testify at home and that additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* (cleaned up). The same goes for counsel.

The Northern District of Texas's jurisdiction "encompasses more than 96,000 square miles, making it the largest land area district in the country, except for

3

those federal districts that encompass an entire state." N.D. Tex., Court Info., https://www.txnd.uscourts.gov/court-info. Amarillo is 339 miles away from Carroll ISD's home venue in Fort Worth—over three times the Fifth Circuit's "100-mile threshold." *Volkswagen*, 545 F.3d at 317. Carroll ISD's personnel would have to travel a significant distance at significant expense to attend hearings and trial. Carroll ISD does not have counsel local to Amarillo, *see* Loc. R. 83.10(a), so every court appearance would require a day's drive or a flight plus meals and potentially lodging. Carroll ISD opposes consolidation because litigating in Amarillo increases the burden on Carroll ISD, its counsel, and its trial witnesses.

**B.** The Government argues (at 6) that consolidation would avoid duplication of effort, but duplication is not avoidable here. Carroll ISD's lawsuit challenges not only the Rule, but also the gender-identity mandate embodied in the Department of Education's "Interpretation" and "Fact Sheet" applying *Bostock* to Title IX. *See* No. 4:24-cv-461-O, ECF No. 1 (Compl.) ¶¶ 98–104. Carroll ISD's pending motion for delay of effective date and preliminary injunction seeks a preliminary injunction on enforcement of those agency actions as well as the Rule. *See* No. 4:24-cv-461-O, ECF No. 15 at 2. But Texas's lawsuit does not challenge the Interpretation and Fact Sheet—Texas already challenged those agency actions in a separate lawsuit filed a year ago, *Texas v. Cardona*, No. 4:23-cv-00604-O (N.D. Tex. June 14, 2023). *Texas v. Cardona* is far ahead in the litigation process, so the Government and the State of Texas agree that these lawsuits challenging the Rule cannot properly be consolidated with *Texas v. Cardona*. *See* ECF No. 26 (Defs.' Mot. to Consol.) at 9 n.4; No. 4:23-cv-00604-O, ECF No. 35 (Defs.' Supp. Br.) at 4–6, ECF No. 36 (Texas's Supp. Br.) at 5–9.

The upshot: Some duplication is unavoidable. As it stands, two different courts in this District will be considering related APA challenges to the same agency action (*Texas v. United States* and *Carroll ISD v. Department of Education*).

4

But if the Government's motion is granted, two different courts in this District will *still* be considering related APA challenges to the same agency action (*Texas v. Cardona* and *Carroll ISD v. Department of Education*). The whole point of consolidation "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Harris Cnty.*, 177 F.3d at 319. Where those purposes cannot be achieved, consolidation is not warranted.

Indeed, duplication has already been minimized because the two related cases challenging the Interpretation and Fact Sheet, *Texas v. Cardona* and *Carroll ISD v. Department of Education*, are both in the Fort Worth Division and assigned to Judge O'Connor. Carroll ISD agrees its case cannot properly be consolidated with *Texas v. Cardona* because that case is further advanced. Dispositive motions have already been fully briefed. But the judge's familiarity with the common facts and law will nevertheless contribute to the efficient resolution of both cases.

**C.** The Government contends (at 6) that "consolidation would eliminate duplicative briefing, argument, and judicial review of the same or substantially similar claims, leading to more efficient litigation." It would not. Texas and Carroll ISD are represented by separate counsel, bring different claims, and press different legal theories. As the Government recognizes elsewhere (at 4), "consolidation does not merge suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997) (cleaned up). And "strict segregation of merged cases is necessary to prevent consolidation from depriving a party of any substantial rights that he may have had if the actions had proceeded separately." *Shafer v. Army & Air Force Exchange Serv.*, 376 F.3d 386, 394 (5th Cir. 2004), *op. clarified on other grounds*, Nos. 03-10074 and 03-10220, 2004 WL 2107672 (5th Cir. Sept. 17, 2004)

5

(cleaned up). So consolidation would not create efficiency gains for the respective plaintiffs.

Nor would judicial economy be served. Even if consolidation were granted, this Court would still be considering two sets of briefing and would separately rule on the distinct claims for relief brought in the two cases. Texas and Carroll ISD, after all, have already briefed and filed their motions for preliminary relief. *See* ECF No. 16; *Carroll ISD v. U.S. Dept. of Education*, No. 4:24-cv-461-O, ECF No. 15. Consolidation would not create efficiency gains for the Court, either.

## II. Texas school districts are not barred from challenging the federal government's actions any time the State of Texas does so too.

The Government also invokes (at 8–9) "[t]he rule against claim splitting," which "prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Gen. Land Off. v. Biden*, 71 F.4th 264, 269–70 (5th Cir. 2023). "Privity 'is not established by the mere fact that persons may be interested in the same question or in proving the same set of facts.'" *Id.* at 270. Rather, the claim-splitting rule "is rooted in *res judicata*"—it requires that both claimants would be bound by the judgment—and privity cannot exist unless the interests of one party are "adequately represented by a party to the original suit." *Id.* Carroll ISD and the State are not in privity, and this Court should reject the Government's intimation that independent school districts are barred from challenging the federal government's actions any time the State of Texas also does so. There are two foundational problems with the Government's theory.

*First*, citing *General Land Office v. Biden*, 71 F.4th 264 (5th Cir. 2023), the Government says (at 8) that Carroll ISD is a "state agenc[y]," so the Texas Attorney General must be adequately representing it. That misunderstands Texas law and political structure.

6

An independent school district is not a "state agency" represented by the Attorney General. A Texas school district is an independently incorporated body. *See* Tex. Educ. Code ch. 11. A school district's board of trustees—not the State—"ha[s] the exclusive power and duty to govern and oversee the management of the public schools of the district." Tex. Educ. Code § 11.151(b). That includes responsibility for bringing suit when necessary to protect the district's rights and interests. *See id.* § 11.151(a).

State law regulates independent school districts, but the State does not control their operations or litigation decisions. If the State wishes to take direct control of an independent school district's governance, it must first replace the independently elected board of trustees with a State-appointed conservator or board of managers. *See Texas Educ. Agency v. Houston ISD*, 660 S.W.3d 108, 115 (Tex. 2023) (discussing the statutory mechanism). Nor does the Attorney General have authority to issue orders to school districts. If he believes an independent school district is violating the law, he must bring an enforcement lawsuit and obtain a court order. *See, e.g.*, *Texas v. Davis et al.*, No. 429-01216-2024 (Tex. 429th Dist. Feb. 29, 2024) (granting temporary restraining order against a school district's board of trustees based on alleged violations of Texas Election Code). And the State is not responsible for paying the debts of a school district. These and other realities have led courts to hold, in the related context of sovereign immunity, that a school district is not "an arm of the State of Texas." *San Antonio ISD v. McKinney*, 936 S.W.2d 279, 284 (Tex. 1996); *see also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 596 (5th Cir. 2006) ("Generally, school boards and districts are not arms of the state shielded by [sovereign] immunity."). The Government is wrong to say that Carroll ISD is a state agency.

*Second*, the Government argues (at 8) that Texas and Carroll ISD's lawsuits assert "identical interests" because Texas's pleadings refer to Carroll ISD policies

7

(along with others) that conflict with the Rule. *See* ECF No. 12 (Am. Compl.) ¶¶ 167, 169. That frames the parties' respective interests at too high a level of generality. Both complaints may cite Carroll ISD's policies, but they do so on different bases and in support of different interests.

As relevant here, Texas asserts its "sovereign interest in 'the power to create and enforce a legal code.'" *Texas v. United States*, 809 F.3d 134, 153 (5th Cir. 2015), *aff'd by an equally divided Ct.*, 579 U.S. 547 (2016); ECF No. 12 ¶ 160. That includes the State's interest in all the Texas laws that the Rule purports to preempt, including policies adopted by school districts as well as statutes like the women's sports protection enacted by the Texas Legislature. *See* Tex. Educ. Code § 33.0834.

Carroll ISD's interest is different. The Rule directly regulates Carroll by requiring it to rescind or amend existing policies and compelling it to adopt others. *See* No.4:24-cv461-O, ECF No. 1 (Compl.) ¶¶ 170–82. Having to do so directly injures Carroll ISD because the school district will have to enact policies that it does not want and that will disserve its students and employees. *See id.* ¶¶ 183–203. And whether Carroll ISD spends resources complying with the Rule or loses federal funds for failure to do so, it will suffer a pocketbook injury. The State of Texas will not suffer that same pocketbook injury if the Rule goes into effect. (Texas could suffer *other* pocketbook injuries, such as costs of compliance or loss of federal funds for its state university systems. *See* ECF 12 ¶¶ 138–39. But the Government rightly does not suggest these injuries are relevant to its claim-splitting argument.)

The Fifth Circuit recently rejected the Government's claim-splitting attack on APA claims brought by the State of Texas and a state agency, respectively, to challenge the same final agency action. *See Gen. Land Off.*, 71 F.4th at 270. It did not matter that a judgment in favor of one state agency would also benefit the other. *See id.* at 271. Even two state agencies are not in privity when they sue to

8

prevent distinct injuries. *See id*. at 270–71. And Carroll ISD is not a state agency—it is an independent political body.

## CONCLUSION

Carroll ISD respectfully requests that the Court deny Defendants' motion to consolidate cases (ECF No. 26) so that it can litigate its case in its chosen venue.

Case 4:24-cv-00461-O Document 31 Filed 06/07/24 Page 9 of 12 PageID 670
Case 2:24-cv-00086-Z Document 23 Filed 06/07/24 Page 9 of 12 PageID 576

Respectfully submitted this 7th day of June, 2024.

**Tim Davis**
Texas Bar No. 24086142
**Allison Allman**
Texas Bar No. 24094023
**Trevor Paul**
Texas Bar No. 24133388
**JACKSON WALKER LLP**
777 Main Street, Suite 2100
Fort Worth, Texas 76102
Telephone: (817) 334-7200
tdavis@jw.com
aallman@jw.com
tpaul@jw.com

**Jonathan A. Scruggs***
Arizona Bar No. 030505
**ALLIANCE DEFENDING FREEDOM**
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
jscruggs@ADFLegal.org

*/s/ Natalie D. Thompson*
**Natalie D. Thompson****
Texas Bar No. 24088529
**ALLIANCE DEFENDING FREEDOM**
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
nthompson@ADFlegal.org

**Tyson C. Langhofer***
Virginia Bar No. 95204
**Mathew W. Hoffmann***
Virginia Bar No. 100102
**ALLIANCE DEFENDING FREEDOM**
44180 Riverside Pkwy
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4656
tlanghofer@ADFlegal.org
mhoffmann@ADFlegal.org

**Counsel for Carroll ISD**

**Admitted pro hac vice in* Carroll ISD v. Dep't of Educ., *No. 4:24-cv-00461-O*

***Practice supervised by one or more D.C. Bar members while D.C. Bar application is pending.*

## CERTIFICATE OF SERVICE

I certify that on June 7th, 2024, this document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Natalie D. Thompson*
Natalie D. Thompson
**Counsel for Carroll ISD**

Case 4:24-cv-00461-O Document 23-1 Filed 06/07/24 Page 11 of 12 PageID 572
Case 24-10386-Z Document 31 Filed 06/07/24 Page 11 of 12 PageID 5787

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **State of Texas,** et al., *Plaintiffs,* v. **United States of America,** et al., *Defendants.* | Case No. 2:24-CV-86-Z |

### [PROPOSED] ORDER
### GRANTING MOTION FOR LEAVE TO FILE A RESPONSE AND DENYING MOTION TO CONSOLIDATE CASES

Defendants filed a motion to consolidate (ECF No. 26) this case with *Carroll Independent School District v. Department of Education, et al.*, No. 4:24-cv-461-O. Non-party Carroll ISD, the plaintiff in that case, moved for leave to file a response in opposition to Defendants' motion. Having considered the briefs and arguments of the parties and of non-party Carroll ISD, the Court orders:

Carroll ISD's motion for leave to file a response in opposition (ECF No. 29) is GRANTED.

Defendants' motion to consolidate cases (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Signed this __ day of ____, 2024.

_____
Hon. Matthew J. Kacsmaryk
United States District Judge