UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CARROLL INDEPENDENT SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | Case No. 4:24-cv-00461-O<br>District Judge Reed O'Connor |

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION
OF TIME TO FILE RESPONSE TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Civil Rule 7.1, and unopposed by Plaintiff, Defendants respectfully move for a 21-day extension of time, from July 23 to August 13, 2024, to answer or otherwise respond to Plaintiff's Complaint (the "Complaint"). For the reasons that follow, good cause exists to extend Defendants' response deadline.

1. First, the parties thus far have been occupied with preliminary injunction motion practice. On May 24, 2024, Plaintiff served the Complaint. On May 30, 2024, Plaintiff served its Motion for Stay of Agency Action and Preliminary Injunction. Defendants filed their opposition to Plaintiff's Motion on June 20, 2024, and Plaintiff filed its reply on June 28, 2024. The Court held oral argument on Plaintiff's Motion on July 8, 2024. The Court issued its decision granting in part and deferring in part Plaintiff's motion for a preliminary injunction on July 11, 2024. The Court also ordered the parties to submit supplemental briefing by July 18 on issues related to the plaintiff's request for a Section 705 stay. The requested extension of Defendants' answer deadline will not affect any other deadlines in the case.

-1-

2.Second, the additional time would allow the parties a meaningful opportunity to meet and confer regarding their views on how the next phase of this case might proceed in this Court, including a proposed schedule and order of events that takes account of this Court's preliminary injunction order. Any consensus the parties might reach on those issues has the potential to affect or obviate the deadline for Defendants' response to the Complaint if the Court agrees to it.

3.Third, the requested extension would allow Defendants to fully evaluate and respond to the claims in the Complaint, in a manner that takes account of the Court's order on Plaintiff's preliminary injunction motion and any subsequent ruling that has been deferred by the Court's July 11, 2024, Order. Additional time is also needed in order to allow time for the requisite coordination and intra- and inter-agency review that must be employed in order for Defendants to submit their response to the Complaint.

4.Fourth, over the past two months, undersigned counsel have been litigating motions for preliminary relief in more than half a dozen related cases challenging the Final Rule at issue. *See Kansas v. U.S. Dep't of Educ.*, --- F. Supp. 3d ---, 2024 WL 3273285, at *10 (D. Kan. July 2, 2024), *appeal filed*, No. 24-3097 (10th Cir. July 11, 2024); *Tennessee v. Cardona*, --- F. Supp. 3d ---, 2024 WL 3019146 (E.D. Ky. June 17, 2024), *appeal filed*, No. 24-5588 (6th Cir. June 26, 2024); *see Louisiana v. U.S. Dep't of Educ.*, No. 3:24-CV-00563, 2024 WL 2978786, at *4 (W.D. La. June 13, 2024), *appeal filed*, No. 24-30399 (5th Cir. June 25, 2024); Mem. Op. & Order, *Texas v. U.S. Dep't of Educ.*, No. 2:24-cv-86-MJK (N.D. Tex. June 11, 2024), ECF No. 48; *see also* Mot. for Stay of Effective Date or Prelim. Inj., *Alabama v. Cardona*, No. 7:24-cv-00533-ACA (N.D. Ala. May 8, 2024), ECF No. 7; Mot. for 5 U.S.C. 705 Stay and Prelim. Inj., *Arkansas v. Cardona*, No. 4:24-cv-00636-RWS (E.D. Mo. May 21, 2024), ECF No. 9; Mot. for Prelim. Inj., *Oklahoma*

*v. Cardona*, No. 5:24-cv-00461-JD (W.D. Okla. June 28, 2024), ECF No. 21. These proceedings have included, for Defendants, not only briefs in opposition to the numerous motions for preliminary relief, but also unexpected supplemental and post-argument briefing in several cases in addition to the one ordered in this case. *See, e.g.*, Defs.' Suppl. Br., *Alabama v. Cardona*, No. 7:24-cv-00533-ACA (N.D. Ala. June 17, 2024), ECF No. 35; Defs.' Suppl. Br., *Kansas v. U.S. Dep't of Educ.*, 5:24-cv-04041-JWB-ADM (D. Kan. June 24, 2024), ECF No. 47. Last week, in just one of these cases, undersigned counsel filed 70 pages of supplemental briefing and proposed findings of fact and conclusions of law. *See* Defs.' Suppl. Br., *Arkansas v. Cardona*, No. 4:24-cv-636-RWS (E.D. Mo. July 8, 2024), ECF No. 41; Defs.' Suppl. Br., *Arkansas v. Cardona*, No. 4:24-cv-636-RWS (E.D. Mo. July 12, 2024), ECF No. 47; Defs.' Prop. Findings of Fact & Concl. of Law, *Arkansas v. Cardona*, No. 4:24-cv-636-RWS (E.D. Mo. July 12, 2024), ECF No. 50. This press of business faced by undersigned counsel in other related cases provides additional good cause for granting this motion.

5. Good cause exists to extend Defendants' deadline to answer or otherwise respond to the Complaint. Under Rule 6(b)(1)(A), "the court may, for good cause, extend the time" for Defendants to file an answer and a response to Plaintiff's motion for summary judgment. "Good cause" in this context is a "non-rigorous standard," and "[r]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). As a court in this district has previously observed, "[i]f a deadline has not expired a court 'may extend the period for any reason, upon a party's motion or even on its own initiative.'" Order, *Bruckner Truck Sales, Inc. v. Guzman*,

No. 2:23-cv-00097-Z (N.D. Tex. Aug. 16, 2023), ECF No. 25 (Kacsmaryk, J.) (quoting *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F. 4th 521, 524 (5th Cir. 2021)). Here, as in that case, "the relevant deadlines have not passed, Plaintiff[] [is] unopposed to the motion," and Defendants have made "good faith efforts thus far to proceed in a timely fashion." *Id.*

6.  For all the reasons set forth above, Defendants respectfully request that the Court grant a 21-day extension, from July 23 to August 13, 2024, of Defendants' deadline to answer or otherwise respond to the Complaint.

7.  Undersigned counsel reached out to Plaintiff's counsel by email on July 16, 2024, to seek their position on this motion. Plaintiff's counsel informed undersigned counsel that Plaintiff does not oppose the requested 21-day extension of Defendants' deadline to answer or otherwise respond to the complaint. A proposed order is attached.

Dated: July 17, 2024                            Respectfully submitted,

                                              BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

*/s/ Pardis Gheibi*
ELIZABETH TULIS
REBECCA KOPPLIN
BENJAMIN TAKEMOTO
HANNAH SOLOMON-STRAUSS
PARDIS GHEIBI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: 202-305-3246
Fax: (202) 616-8470
E-mail: Pardis.Gheibi@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 16, 2024, I conferred by email with Natalie Thompson, Alliance Defending Freedom, about this motion. Ms. Thompson informed me by email that they "do not oppose" the relief sought in this motion.

*/s/ Pardis Gheibi*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Pardis Gheibi*