# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| Carroll Independent School District,<br><br>*Plaintiffs,*<br><br>v.<br><br>**United States Department of Education**; **Miguel Cardona**, in his official capacity as Secretary of the United States Department of Education; **Catherine E. Lhamon**, in her official capacity as Assistant Secretary for Civil Rights at the United States Department of Education; **United States Department of Justice;** **Merrick B. Garland**, in his official capacity as Attorney General of the United States; and **Kristen Clarke**, in her official capacity as Assistant Attorney General for the Civil Rights Division of the United States Department of Justice,<br><br>*Defendants.* | Case No. 4:24-cv-00461-O |

**UNOPPOSED *AMICUS CURIAE* POST SUBMISSION BRIEF OF TEXAS VALUES IN SUPPORT OF PLAINTIFFS MOTION FOR UNIVERSAL STAY OF AGENCY ACTION**

i

## INTEREST OF AMICUS CURIAE

Texas Values is a statewide Judeo-Christian nonprofit organization that promotes research, education, and legislative advocacy to encourage, strengthen, and protect Texas families. Texas Values has over 200,000 supporters in all 254 counties in the State of Texas. Texas Values provides its members legal and legislative representation and support on issues of faith, family, and freedom and is the leading organization in Texas on issues affecting constitutionally-protected religious freedom, free speech, and parental rights. Texas Values has previously filed a full brief with the Court in this case, but believes it necessary to address questions raised by the Court to the parties in an order for cross-supplemental briefs.

## ARGUMENT

### I. A Stay Under 5 U.S.C. § 705 Contemplates a Universal Scope when it Vacates an Inherently Universal Action

In administrative law, judicial scrutiny is a critical check and balance on abuses of agency power. Judicial scrutiny under the Administrative Procedure Act (APA) maintains public confidence in the impartiality of government and preserves due process in line with individual constitutional rights. The APA expressly authorizes a court to "hold unlawful and set aside agency action" that

violates the Act.[1] This has been described as a "veto-like power" allowing courts to undo a challenged rule by an agency.[2] This power was modeled on the system of appellate review of orders by trial courts.[3]

This court has already pointed out that the Fifth Circuit does not treat § 705 stays as party-restricted. The newly published Title IX regulation (the "Final Rule") from the U.S. Department of Education seeks to create standards for all public schools, and applies to all Title IX recipients - not just the parties involved in this case. *See Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33, 815 (Apr. 29, 2024). Further, Plaintiffs likely sponsor students participating in out-of-state contests held by approved national organizations and these activities will bring them into contact with other Title IX recipient schools and students not under a party-restricted stay – causing potential confusion between students of different schools and potential liability for the Plaintiffs.

Title IX is very broad and affects the entire educational ecosystem on a variety of issues ranging from sexual violence to fairness in women's sports. With this in mind, a universal stay not only makes sense, but is actually the only proportionate remedy to ensure Plaintiffs will truly receive relief.

---

[1] 5 U.S.C. § 706(2)
[2] Jonathan Mitchell, *The Writ-of-Erasure Fallacy*, 104 VA. L. REV. 933, 1012–13 (2018) ("This statutory power to 'set aside' agency action is more than a mere non-enforcement remedy. It is a veto-like power that enables the judiciary to formally revoke an agency's rules….")
[3] Nicholas Bagley, *Remedial Restraint in Administrative Law*, 117 Colum. L. Rev. 253, 258 (2017)

## II. Pervasive Error in the Final Rule Eliminates Relief by Severability

Statutory interpretation begins with the text. Terms are given their "ordinary meaning" at the point at which they were adopted by Congress. *Niz-Chavez v. Garland,* 593 U.S. 155, 160 (2021). That said, the text of Title IX has always been applied in a manner that treats "sex" as a binary based on biology. This Court, as recent as last month recognized this while vacating the *2017 Dear Colleague Letter on Title IX*, U.S. Dep'ts of Educ. & Justice (Feb. 22, 2017) and other guidance documents on this issue.[4] The Final Rule directly contradicts this decades-long application of Title IX by defining "sex" to include the subjective term "gender identity." Much has been said on the subjective, amorphous nature of the concept of "gender identity" – a trait that the Final Rule does not define, and indeed, Title IX never once mentions. Despite this, gender identity is referenced pervasively throughout the Final Rule including almost every section purporting to regulate activity of a sexual nature. This includes sections dealing with the scope of sex discrimination (§ 106.10), sex-based harassment (§ 106.2), and grievance procedures (§ 106.8(b)).

---

[4] U.S. District Court Northern District of Texas, Memorandum Opinion and Order: Civil Action No. 4:23-cv-00604-O (June 11, 2024)

3

The question asked by the Court regards the appropriateness of severing any part of the Final Rule (such as the redefinition of sex found unlawful by this Court). To be fair, the Final Rule does include severability provisions and a discussion clarifying that "The Department believes that every provision of the final regulations is legally supportable…."[5] However, courts have often said that severability clauses function as an "aid merely; not an inexorable command." *Reno v. Am. Civil Liberties Union,* 521 U.S. 844, 884 n.49 (1997). The ultimate determination does not necessarily turn on whether a severability clause is present. *United States v. Jackson,* 390 U.S. 570, 585 n.27 (1968). While the other side will undoubtedly call for deference to agency subject matter expertise on Title IX, the U.S. Supreme Court's recent rejection of *Chevron*[6] makes it clear that courts "must exercise their independent judgement in deciding whether an agency has acted within its statutory authority, as the APA requires." In the present case, we have a rule which has been described by this Court as "undermin[ing] over fifty years of progress for women and girls made possible by Title IX" and "unconstitutional government action."[7] Such a rule should not be allowed to stand even in part.

---

[5] See Fed. Reg. Vol. 89, No. 83, 33848 - *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance,* 89 Fed. Reg. 33, 815 (Apr. 29, 2024)
[6] *Loper Bright Enterprises v. Raimondo,* No. 22-451 (Jan. 17, 2024)
[7] U.S. District Court Northern District of Texas, Memorandum Opinion and Order: Civil Action No. 4:23-cv-00461-O (July 11, 2024)

## CONCLUSION AND PRAYER

Accordingly, Texas Values urges the Court to grant the Plaintiff's request for a stay of the Final Rule's August 1, 2024 effective date under 5 U.S.C. § 705.

        Respectfully Submitted,

        <u>/s/ Kevin Fulton</u>
        Kevin Fulton
        Texas Bar Number: 24059787
        Southern District I.D.: 1127417
        Fulton Law Group PLLC
        7676 Hillmont Street, Suite 191
        Houston, Texas 77040
        713.589.6964
        832.201.8847 (fax)
        kevin@fultonlg.com
        *Counsel for Amicus Curiae*


        <u>/s/ Jonathan M. Saenz</u>
        Jonathan M. Saenz
        Texas Bar Number: 24041845
        TEXAS VALUES
        1005 Congress Ave.
        Austin, TX 78701
        512.478.2220
        512.478.2229 (fax)
        jsaenz@txvalues.org
        *Co-Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2024, I electronically filed the foregoing Brief of Amicus Curiae Texas Values using the CM/ECF system. Counsel for all parties to the case are registered users and will be served by the CM/ECF system.

/s/ Kevin Fulton
Kevin Fulton

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with all other parties regarding the merits of this motion, and all parties are unopposed. This certificate is submitted in compliance with Local Rule 7.1(b) of the United States District Court.

/s/ Kevin Fulton
Kevin Fulton
