**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CARROLL INDEPENDENT SCHOOL DISTRICT,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **Civil Action No. 4:24-cv-00461-O** |
| **UNITED STATES DEPARTMENT OF EDUCATION, et al.,** | § § § | |
| **Defendants.** | § § | |

## <u>ORDER</u>

The Court previously issued its Memorandum Opinion & Order (ECF No. 43) on July 11, 2024. In that opinion, the Court granted a preliminary injunction to Carroll ISD, but deferred ruling on the simultaneous request for a stay of the Final Rule's effective date under 5 U.S.C. § 705 pending further briefing.[1] Recognizing that technical differences exist between the equitable remedy of an injunction and the statutory remedy of a stay, the Court ordered cross-supplemental briefing on four issues:

1. Whether a stay, like a vacatur, is the default remedy at the preliminary stage of an APA challenge to agency action;

2. Whether a stay under 5 U.S.C. § 705 exclusively contemplates a universal scope or could also allows for party-specific relief;

3. Whether complete relief to Carroll ISD is possible without a 5 U.S.C. § 705 stay given that its students may travel out of state for school-sponsored activities and the concern regarding private lawsuits not covered by the injunction; and

4. Whether non-party limitations on the scope of a 5 U.S.C. § 705 stay, such as only staying certain provisions, is appropriate in this case.[2]

---

[1] July 11, 2024 Mem. Op. & Order 14, ECF No. 43.
[2] *Id.* at 15.

1

The parties disagreed on these points during the July 8, 2024 hearing and expanded on this disagreement in the supplemental briefs.[3]

Having reviewed the supplemental briefing submitted by the parties and amici, along with considering the record at this stage, the Court concludes that Carroll ISD is not entitled to a stay of the Final Rule's effective date at this time. Accordingly, the Court **DENIES** Carroll ISD's request for a stay because complete relief has already been awarded through a preliminary injunction based on the *existing* record. However, should circumstances change prior to a final ruling on the merits, Carroll ISD may renew its request for a stay and/or seek a broadened preliminary injunction.

## I.    LEGAL STANDARD

Under the APA, a "reviewing court" may "postpone the effective date of an agency action . . . to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. Preliminary relief under section 705 is "not party-restricted and allows a court to 'set aside' unlawful agency action." *Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024). By "postpon[ing] the effective date of an agency action," a section 705 stay stops the portions of the rule which are deemed unlawful. *Id.* (citing 5 U.S.C. § 705). Additionally, a section 705 stay does not need to be issued concurrently with agency action. *All. for Hippocratic Med. v. FDA*, 78 F.4th 210, 255–56 (5th Cir. 2023), *rev'd on other grounds*, 602 U.S. 367 (2024).

"Motions to stay agency action pursuant to [section 705] are reviewed under the same standards used to evaluate requests for interim injunctive relief." *Affinity Healthcare Servs. v. Sebelius*, 720 F. Supp. 2d 12, 15 n.4 (D.D.C. 2010); *see also Texas v. EPA*, 829 F.3d 405, 435 (5th Cir. 2016) (applying preliminary injunction factors). This requires the movant to show (1) a

---

[3] *See generally* Defs.' Suppl. Br., ECF No. 48; Pl.'s Suppl. Br., ECF No. 49.

substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that issuance of a preliminary injunction will not disserve the public interest. *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). The last two factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). As the movant, it is the party seeking relief who bears the burden of proving the four elements of the requested injunctive relief. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). Importantly, when determining the appropriate remedy, relief "should be crafted to provide 'complete relief'" and nothing more. *Mock v. Garland*, F.4th 563, 587 (5th Cir. 2023) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

## II.   ANALYSIS

The Court stands on its prior analysis with respect to the likelihood of success on the merits, balance of the equities, and public interest factors.[4] The arguments and evidence presented in the supplemental briefs do not alter the Court's determination that Carroll ISD carried its burden as to these factors. For this reason, the Court's prior analysis is fully incorporated in this analysis. However, with the benefit of additional briefing, the Court now concludes that Carroll ISD has not carried its burden at this stage regarding the irreparable harm factor to justify additional relief in the form of a stay.[5]

Carroll ISD argues that it "remains exposed to further irreparable injury in two forms" without a stay of the Final Rule's effective date.[6] First, Carroll ISD claims that private parties are

---

[4] *See* July 11, 2024 Mem. Op & Order 4–14, ECF No. 43.
[5] To be clear, the Court fully stands on its determination that Carroll ISD sufficiently demonstrated irreparable harm *within* the school district to justify a preliminary injunction limited in scope.
[6] Pl.'s Suppl. Br. 6, ECF No. 49.

not enjoined and may sue to enforce the likely unlawful provisions.[7] Second, Carroll ISD contends that students and employees who travel out of Texas risk various harms in states that impose a similar transgender mandate.[8] No doubt, these occurrences would cause serious harms if they occurred. But Carroll ISD has not shown how such future harms are either possible to remedy or sufficiently imminent.

Start with out-of-state travel. Carroll ISD has not demonstrated how staying the Final Rule would somehow provide protection to students and employees who travel to a state not presently covered by an injunction. That is because a stay of the Final Rule results in no effect on state policies prioritizing accommodations for transgender students at the expense of non-transgender students. As unfortunate as this reality is, a stay would not dissolve those state policies. Carroll ISD acknowledges that "[a] stay here would prevent the *federal government* from requiring recipients in California and Oregon to apply its unlawful [Final] Rule."[9] And even though the Court agrees that state laws similar to the Final Rule very likely "'function as impermissible sex discrimination under Title IX,'"[10] those laws are not before this Court. As a result, the Court cannot provide relief to Carroll ISD students and employees traveling to such states by entering a stay of the Final Rule. Thus, a preliminary injunction presently provides the most complete relief possible.

Turning next to future lawsuits by private parties, Carroll ISD has not shown that these legal actions are sufficiently imminent. *See Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986) (emphasizing that irreparable harm exists if "the injury is imminent" and "money damages would not fully repair the harm"). Concrete evidence must be

---

[7] *Id.*
[8] *Id.*
[9] *Id.* at 8 (emphasis added).
[10] *Id.*

provided to demonstrate the requisite injury. *Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 599–600 (5th Cir. 2023); *see also VanDerStok v. BlackHawk Mfg. Grp. Inc.*, 659 F. Supp. 3d 736, 742 (N.D. Tex. 2023) (O'Connor, J.) ("Irreparable harm must be concrete, nonspeculative, and more than merely de minimis."). Carroll ISD does not provide concrete evidence here and cites to one example of a private lawsuit in Virginia three years ago.[11] This alone is too speculative to sufficiently show the irreparable harm of private lawsuits. *See Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) (noting that a showing of "speculative injury is not sufficient" to satisfy irreparable harm element (alteration and citation omitted)). Thus, this ground does not justify a stay of the Final Rule's effective. But should private lawsuits become sufficiently imminent, Carroll ISD may reassert its request for relief at that point.

Based on the record before the Court and not on speculative harm that might later occur (even if undeniably invidious), Carroll ISD has failed to show that complete relief beyond the preliminary injunction is possible. Nor has Carroll ISD carried its burden on irreparable harm at this stage to justify a stay. Therefore, a stay of the Final Rule's effective date is not appropriate and the preliminary injunction provides the most complete relief currently possible.

## III.    CONCLUSION

Having now considered the deferred question of whether Carroll ISD is also entitled to a stay of the Final Rule's effective date, the Court concludes that the current record does not *presently* demonstrate a need for a stay of the Final Rule's effective date in light of the preliminary injunction already granted. Accordingly, the Court **DENIES** this request. However, should circumstances change to show that imminent harm will result absent a broadened preliminary injunction or a retroactive stay of the Final Rule's effective date, Carroll ISD may renew its request

---

[11] *Id.* at 7.

for such relief pending final resolution of this case.

Despite this ruling, the Court nonetheless recognizes that Carroll ISD is substantially likely—indeed, substantially certain—to succeed on the merits. For this reason, the Court **ORDERS** that this case will be adjudicated on an expedited schedule in the interests of justice. *See* FED. R. CIV. P. 1 (identifying the duty to "secure the just, speedy, and inexpensive determination of every action and proceeding"). Accordingly, the parties **SHALL** submit a joint schedule for expedited resolution of this matter by no later than **August 7, 2024.**

**SO ORDERED** on this **31st** day of **July, 2024**.

Reed O'Connor

**UNITED STATES DISTRICT JUDGE**