IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| **CARROLL INDEPENDENT SCHOOL DISTRICT**,<br><br>*Plaintiff*,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF EDUCATION; ET AL.**,<br><br>*Defendants*. | **Case No.** 4:24-cv-00461-O |

### PLAINTIFF CARROLL INDEPENDENT SCHOOL DISTRICT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Carroll ISD submits the attached order (Exhibit A) and judgment (Exhibit B) vacating the Department of Education's Title IX Rule in its entirety. *See Tennessee v. Cardona*, No. 2:24-cv-00072 (E.D. Ky.). This Court should similarly vacate the entire Rule. Carroll ISD's arguments map directly onto the reasons the *Tennessee* court vacated the Rule. And the *Tennessee* order does not moot this case because the defendants there can still appeal.

Yesterday, the *Tennessee* district court vacated the Rule, concluding that it (1) exceeds the Department's statutory authority, (2) violates the First Amendment and Spending Clause of the Constitution, and (3) is arbitrary and capricious. *See* Ex. A at 1, 4–14; Ex. B at 2. Because Carroll ISD argues that the Rule is unlawful for the same reasons, *see* Pl's MSJ mem. 7–32 (ECF 59), the *Tennessee* decision confirms that this Court should similarly grant Carroll ISD's motion for summary judgment. And the *Tennessee* district court vacated the *entire* Rule, Ex. A at 12, which confirms that the Fifth Circuit's preliminary ruling that the challenged

1

provisions lie "at the heart of the 423-page Rule" also applies at the merits stage. *See Louisiana v. Dep't of Educ.*, No. 24-30399, 2024 WL 3452887, at \*1 (5th Cir. July 17, 2024); *accord* Pl's MSJ Mem. 33–35.

The *Tennessee* decision does not moot this case. The defendants there have 60 days to appeal. Fed. R. App. P. 4(a)(1)(B). And should they appeal, the vacatur itself may be vacated. Thus, unless the defendants there do not appeal, Carroll ISD has no assurance that the vacatur will remain in effect and that it can avoid the irreparable harm that this Court has recognized the Rule imposes. *See* Order 11–12 (ECF 43); *cf. Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 59–60 (D.D.C. 2020) ("Courts routinely grant follow-on injunctions against the [federal] Government, even in instances when an earlier nationwide injunction" has been issued.) (collecting cases).

This Court should vacate the rule in its entirety.

Respectfully submitted this 10th day of January 2025.

*/s/ Mathew W. Hoffmann*

| | |
|---|---|
| **Tim Davis** | **Tyson C. Langhofer*** |
| Texas Bar No. 24086142 | Virginia Bar No. 95204 |
| **Allison Allman** | **Mathew W. Hoffmann*** |
| Texas Bar No. 24094023 | Virginia Bar No. 100102 |
| **Trevor Paul** | **ALLIANCE DEFENDING FREEDOM** |
| Texas Bar No. 24133388 | 44180 Riverside Pkwy |
| **JACKSON WALKER LLP** | Lansdowne, Virginia 20176 |
| 777 Main Street, Suite 2100 | Telephone: (571) 707-4655 |
| Fort Worth, Texas 76102 | Facsimile: (571) 707-4656 |
| Telephone: (817) 334-7200 | tlanghofer@ADFlegal.org |
| tdavis@jw.com | mhoffmann@ADFlegal.org |
| aallman@jw.com | **Natalie D. Thompson****  |
| tpaul@jw.com | Texas Bar No. 24088529 |
| **Jonathan A. Scruggs*** | **ALLIANCE DEFENDING FREEDOM** |
| Arizona Bar No. 030505 | 440 First Street NW, Suite 600 |
| **ALLIANCE DEFENDING FREEDOM** | Washington, DC 20001 |
| 15100 N. 90th Street | Telephone: (202) 393-8690 |
| Scottsdale, Arizona 85260 | Facsimile: (202) 347-3622 |
| Telephone: (480) 444-0020 | nthompson@ADFlegal.org |
| Facsimile: (480) 444-0028 | **Counsel for Plaintiff Carroll ISD** |
| jscruggs@ADFlegal.org | *\*Admitted pro hac vice* |
| | *\*\*Practice supervised by one or more D.C. Bar members while D.C. Bar application is pending.* |

3

## CERTIFICATE OF SERVICE

I certify that on January 10, 2025, this document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Mathew W. Hoffmann*
Mathew W. Hoffmann
**Counsel for Plaintiff Carroll ISD**

4