**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| CARROLL INDEPENDENT SCHOOL DISTRICT, | |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | Case No. 4:24-00461-O |
| Defendants, | |
| and | |
| A BETTER BALANCE, | |
| [Proposed] Intervenor-Defendant. | |

**[PROPOSED] INTERVENOR-DEFENDANT A BETTER BALANCE'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Proposed Intervenor-Defendant A Better Balance ("ABB"), by and through its undersigned counsel, hereby answers Plaintiff's complaint as follows:

**ANSWER**

1.      ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies them.

2.      ABB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies them.

3.      ABB denies the allegation contained in paragraph 3.

4.      Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

5.      ABB admits the allegation contained in paragraph 5 to the extent it refers to Title IX of the Education Amendments of 1972 and suggests that one of Title IX's purposes is to promote equal opportunities for women and girls. The allegation is otherwise denied.

6.      ABB denies the allegation contained in paragraph 6.

7.      ABB denies the allegation contained in paragraph 7.

8.      Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

9.      ABB denies the allegation contained in paragraph 9.

10.     Paragraph 10 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

11.     Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

**JURISDICTION AND VENUE**

12.     Paragraph 12 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

13.     Paragraph 13 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

14.     Paragraph 14 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

15.     Paragraph 15 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

16.     Paragraph 16 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

17.     ABB denies that "[t]his case seeks . . . appropriate relief." ABB otherwise admits the allegations in paragraph 17.

18.     Paragraph 18 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

19.     Paragraph 19 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

20.     Paragraph 20 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is admitted.

21.     ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 21 and therefore denies them.

22.     ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 22 and therefore denies them.

**PARTIES**

23.     ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 23 and therefore denies them.

24.     ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 24 and therefore denies them.

25.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 25 and therefore denies them.

26.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 26 and therefore denies them.

27.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 27 and therefore denies them.

28.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 28 and therefore denies them.

29.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 29 and therefore denies them.

30.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 30 and therefore denies them.

31.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 31 and therefore denies them.

32.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 32 and therefore denies them.

33.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 33 and therefore denies them.

34.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 34 and therefore denies them.

35.     Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 35 and therefore denies them.

36.     ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 36 and therefore denies them.

37.     Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 37 and therefore denies them.

38.     ABB admits that Exhibit A reads, in part: "To the extent permitted by law, schools shall maintain separate restrooms, locker rooms, and other similar facilities designated for and used only by persons based on the person's biological sex." ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 38.

39.     ABB admits that Exhibit A reads, in part: "For the purposes of this policy, 'restroom or locker room' means a location where a person may reasonably be in a state of undress, including a shower room." ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 39.

40.     ABB admits that Exhibit A reads, in part: "This policy does not prohibit the District from providing reasonable accommodations upon request. Reasonable accommodations may be made for any person seeking privacy (i.e. single user restroom). Any information related to accommodations shall be handled in such a way as to the protect the individual's privacy." ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 40.

41.    ABB admits that Exhibit B reads, in part: "District employees, including educators and other District staff, shall not require the use of pronouns that are inconsistent with a student's or other person's biological sex as it appears on the individual's birth certificate or other government-issued record." ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 41.

42.    ABB admits that Exhibit B reads, in part: "[T]he District shall not compel District personnel or other students to address or refer to students in any manner that would violate the speaker's constitutionally protected rights." ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 42.

43.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 43 and therefore denies them.

44.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 44 and therefore denies them.

**DEFENDANTS**

45.    ABB denies that the U.S. Department of Education is currently enforcing the Title IX regulations it promulgated in 2024 ("the Rule"). ABB admits the U.S. Department of Education has authority to enforce Title IX. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 45 and so denies them.

46.    Miguel Cardona is no longer Secretary of Education, so ABB denies the allegations in paragraph 46.

47.    Miguel Cardona is no longer Secretary of Education, so ABB denies the allegations in paragraph 47.

48.     Catherine E. Lhamon is no longer Assistant Secretary for Civil Rights at the U.S. Department of Education, so ABB denies the allegations in paragraph 48.

49.     Catherine E. Lhamon is no longer Assistant Secretary for Civil Rights at the U.S. Department of Education, so ABB denies the allegations in paragraph 49.

50.     Catherine E. Lhamon is no longer Assistant Secretary for Civil Rights at the U.S. Department of Education, so ABB denies the allegations in paragraph 50.

51.     ABB admits the allegations in paragraph 51.

52.     ABB admits that the Department of Justice has the authority to enforce Title IX and that it maintains an office at 950 Pennsylvania Avenue NW, Washington, DC 20202. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 52 and therefore denies them.

53.     Merrick Garland is no longer Attorney General, so ABB denies the allegations in paragraph 53.

54.     ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 54 and therefore denies them.

55.     ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 55 and therefore denies them.

56.     ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 56 and therefore denies them.

57.     Kristen Clarke is no longer Assistant Attorney General for the Civil Rights Division of the U.S. Department of Justice, so ABB denies the allegations in paragraph 57.

58.    Kristen Clarke is no longer Assistant Attorney General for the Civil Rights Division of the U.S. Department of Justice, so ABB denies the allegations in paragraph 58.

59.    Kristen Clarke is no longer Assistant Attorney General for the Civil Rights Division of the U.S. Department of Justice, so ABB denies the allegations in paragraph 50.

## FACTUAL ALLEGATIONS

60.    ABB admits the allegations in paragraph 60.

61.    ABB admits that Title IX's goals included eliminating discrimination against women in education and providing them equal educational opportunities. ABB denies that the quoted language from *United States v. Virginia*, 518 U.S. 515 (1996), in paragraph 61 referred to Title IX's goals.

62.    ABB admits the allegations in paragraph 62.

63.    ABB admits that Title IX has helped to promote sex equality in education. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 63 and therefore denies them.

64.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 64 and therefore denies them.

65.    Paragraph 65 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that Title IX applies to interscholastic athletics that are or are part of a federally funded education program or activity that is not otherwise exempt, and otherwise denies the allegations in paragraph 65.

66.     Paragraph 66 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 and therefore denies them.

67.     Paragraph 67 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and therefore denies them.

68.     Paragraph 68 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that that quoted language appears in the cited regulations. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and so denies them.

69.     Paragraph 69 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that that quoted language appears in the cited regulation, though without italicization. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and so denies them.

70.     ABB admits that Title IX has helped to promote sex equality in school athletics. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 70

71.     Paragraph 71 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that Title IX and its implementing regulations require schools to comply with the statute and implementing regulations in exchange for federal funding. ABB otherwise denies the allegations in paragraph 71.

72.     ABB admits the allegations in paragraph 72.

73.      ABB admits the allegations in paragraph 73.

74.      ABB admits the allegations in paragraph 74.

75.      ABB admits the allegations in paragraph 75.

76.      ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and so denies them.

77.      ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and so denies them.

78.      ABB denies the allegations in paragraph 78.

79.      ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and so denies them.

80.      ABB denies the allegations in paragraph 80.

81.      ABB admits that the document cited in paragraph 81 was published by the U.S. Department of Education's Office for Civil Rights in 2014. ABB admits that the cited document reads, in part: "Title IX's sex discrimination prohibition extends to claims of discrimination based on gender identity." ABB denies that the cited document also provides that "Title IX's sex discrimination prohibition extends to claims of discrimination based on . . . sexual orientation."

82.      ABB admits that the document cited in paragraph 82 was published in May 2016 by the U.S. Department of Education, and that it discussed schools' Title IX obligations regarding transgender students. ABB denies that these obligations were new.

83.      ABB denies the allegations in paragraph 83.

84.      ABB denies the allegations in paragraph 84.

85.    ABB admits the allegations in paragraph 85.

86.    ABB admits the allegations in paragraph 86.

87.    Paragraph 87 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

88.    ABB denies the allegations in paragraph 88.

89.    ABB admits the allegations in paragraph 89.

90.    ABB denies the allegations in paragraph 90.

91.    ABB admits that the Supreme Court wrote, in *Bostock v. Clayton County*, 590 U.S. 644 (2020), "that homosexuality and transgender status are distinct concepts from sex." *Id.* at 669. The Court held, however, that "discrimination based on homosexuality or transgender status necessarily entails discrimination based on sex; the first cannot happen without the second." *Id.*

92.    ABB admits that the language quoted in paragraph 92 appears in *Bostock*. ABB otherwise denies the allegations.

93.    ABB admits that the Supreme Court did not compare Title VII's text with Title IX's. ABB otherwise denies the allegations in paragraph 93.

94.    ABB admits that *Bostock* did not address Title IX. ABB otherwise denies the allegations in paragraph 94.

95.    ABB admits that, on his first day in office, President Biden signed an executive order explaining his view that *Bostock*'s analysis applies to some other statutes and instructing federal agencies to take certain actions consistent with that view. ABB otherwise denies the allegations in paragraph 95.

96.    ABB admits that on March 26, 2023, the Principal Deputy Assistance Attorney General from DOJ's Civil Rights Division sent a memo addressed to federal agency civil rights directors and general counsel concerning "the Division's view as to whether *Bostock* applies to Title IX." ABB otherwise denies the allegations in paragraph 96.

97.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and so denies them.

98.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and so denies them.

99.    ABB admits the allegations in paragraph 99.

100.    ABB admits that the interpretation observed that both Title IX and Title VII "prohibit sex discrimination, with Title IX using the phrase 'on the basis of sex' and Title VII using the phrase 'because of' sex." Enforcement of Title IX of the Education Amendments of 1972 With Respect to Discrimination Based on Sexual Orientation and Gender Identity in Light of *Bostock v. Clayton Count*y, 86 Fed. Reg. 32,637, 32,638 (June 22, 2021). ABB admits the interpretation also observed that "[t]he Supreme Court has used these two phrases interchangeably." *Id.* And ABB admits that the interpretation explained that "[t]he Department finds no persuasive or well-founded basis for declining to apply *Bostock*'s reasoning—discrimination "because of . . . sex" under Title VII encompasses discrimination based on sexual orientation and gender identity—to Title IX's parallel prohibition on sex discrimination in federally funded education programs and activities." *Id.* at 32,638-39. ABB otherwise denies the allegations.

101.    ABB admits the allegations in paragraph 101.

102.    ABB admits the allegations in paragraph 102.

103.    ABB denies the allegations in paragraph 103.

104.    ABB admits the allegations in paragraph 104.

105.    ABB admits that the agency undertook notice-and-comment rulemaking. ABB otherwise denies the allegations in paragraph 105.

106.    ABB admits that the Rule includes the language quoted in Rule 106, and that the quoted language was codified at 34 C.F.R. § 106.10. ABB otherwise denies the allegations in paragraph 106.

107.    ABB admits that the Department of Education's rationale for concluding discrimination on the basis of sex includes discrimination on the basis of sexual orientation and gender identity is similar to the Supreme Court's reasoning in *Bostock*. ABB otherwise denies the allegations in paragraph 107.

108.    Paragraph 108 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the Rule prohibits disparate treatment based on sex and requires funding recipients to address sex-based harassment, including hostile environment harassment. The Rule does not include the words "disparate impact." ABB otherwise denies the allegations in paragraph 108.

109.    Paragraph 109 is ambiguous because it is not clear to what the words "this provision" refers. To the extent it is meant to refer to the definition codified at 34 C.F.R. § 106.10, ABB admits the allegations in paragraph 109.

110.    Paragraph 110 quotes language from the preamble to the Rule, rather than the Rule itself, so ABB denies the allegations.

111.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 and so denies them.

112.    Paragraph 112 quotes language from the preamble to the Rule, rather than the Rule itself, so ABB denies the allegations.

113.    ABB admits that the language quoted in paragraph 113 appears in the preamble to the regulation. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

114.    The allegations in paragraph 114 are vague and ambiguous, so ABB denies them.

115.    Paragraph 115 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are denied.

116.    ABB admits that, where the Rule went into effect, it applied to all the operations of a federally funded education program or activity not otherwise exempt from Title IX. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 and so denies them.

117.    Paragraph 117 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

118.    ABB admits the allegations in paragraph 118.

119.    ABB admits the allegations in paragraph 119.

120.    Paragraph 120 contains a legal conclusion to which no response is required. ABB is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 120 and therefore denies them.

121.    Paragraph 121 cites language from the preamble to the Rule, rather than the Rule itself, so ABB denies the allegations.

122.    ABB admits that the Rule's preamble includes the language quoted in paragraph 122. The remainder of paragraph 122 is a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the remaining allegations.

123.    Paragraph 123 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies that application of the Rule to school sports would pose a threat to women's sports. ABB is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 123 and therefore denies them.

124.    Paragraph 124 contains a legal conclusion to which no response is required and is also unclear. To the extent a response is deemed required, ABB admits that the quoted language in paragraph 124 appears at 34 C.F.R. § 106.41(a) and otherwise denies the allegations.

125.    Paragraph 125 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that a school may be liable if it discriminates on the basis of gender identity or sex stereotypes in its athletics programming, and the allegations are otherwise denied.

126.    Paragraph 126 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations in paragraph 126.

127.    Paragraph 127 contains a legal conclusion to which no response is required and is also vague. To the extent that a response is deemed required, ABB denies the allegations in paragraph 127.

128.     Paragraph 128 contains a legal conclusion to which no response is required. To the extent that a response is deemed required, ABB admits that Title IX regulations from 2020 used a definition of sexual harassment that aligned, in part but not in whole, with the definition of actionable sexual harassment identified in *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999). ABB otherwise denies the allegations in paragraph 128.

129.     Paragraph 129 contains a legal conclusion to which no response is required. To the extent that a response is deemed required, ABB denies the allegations in paragraph 129.

130.     ABB admits that the Rule includes the language quoted in paragraph 130 in its definition of hostile environment harassment.

131.     Paragraph 131 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the definition of hostile environment harassment in the Rule is in some ways broader than the definition of harassment in Title IX regulations promulgated in 2020 and otherwise denies the allegations.

132.     Paragraph 132 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the definition of hostile environment harassment in the Rule is in some ways broader than the definition of harassment in Title IX regulations promulgated in 2020 and otherwise denies the allegations.

133.     Paragraph 133 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that, in some circumstances, the Rule requires a funding recipient to address a single incident of sufficiently severe harassment that limits the victim's ability to participate in a covered program and otherwise denies the allegations.

134.    Paragraph 134 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that, in some ways, the Rule requires more of funding recipients to address sexual harassment and otherwise denies the allegations.

135.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 135 and so denies them.

136.    Paragraph 136 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that the quoted language appears in the 2020 version of the cited regulations and otherwise denies the allegations.

137.    Paragraph 137 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

138.    Paragraph 138 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

139.    Paragraph 139 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

140.    Paragraph 140 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

141.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 141 and so denies them.

142.    Paragraph 142 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

143.    Paragraph 143 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

144.    Paragraph 144 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

145.    Paragraph 145 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

146.    Paragraph 146 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

147.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first sentence of paragraph 147 and so denies them. ABB denies the allegations in the second sentence of paragraph 147.

148.    ABB admits that, in some circumstances, Title IX permits funding recipients to draw distinctions based on sex. ABB otherwise denies the allegations in paragraph 148.

149.    Paragraph 149 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that 20 U.S.C. § 1686 prohibits sex separated "living facilities," and that the Department of Education has previously issued regulations permitting sex separation in housing, restrooms, locker rooms, and shower facilities.

150.    ABB denies the allegations in paragraph 150.

151.    ABB denies the allegations in paragraph 151.

152.    ABB admits that the language quoted in paragraph 152 appears in the cited regulations and preamble. ABB otherwise denies the allegations.

153.    Paragraph 153 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

154.    ABB denies the allegations in paragraph 154.

155.    ABB admits that the Rule's effective date was August 1, 2024. ABB otherwise denies the allegations.

156.    Paragraph 153 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

157.    ABB admits the allegations in paragraph 157.

158.    ABB admits that, under circumstances, the Department of Education is permitted to withhold funding from recipients that fail to comply with Title IX. ABB otherwise denies the allegations.

159.    The first sentence of paragraph 153 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the truth of that sentence and so denies them. ABB also lacks knowledge or information sufficient to form a belief as to the truth of factual allegations in the second sentence of paragraph 159 and so denies them.

160.    ABB admits that the language quoted in paragraph 160 appears in the cited regulation. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of factual allegations and so denies them.

161.    Paragraph 161 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

162.    ABB denies that the cited Texas law "protects female sports."

163.    ABB lacks knowledge or information sufficient to form a belief as to the truth of factual allegations in paragraph 163.

164.    Paragraph 164 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that some states other than Texas ban transgender students from participating in sports teams that correspond with their gender identities.

165.    ABB denies the allegations in paragraph 165.

166.    Paragraph 166 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 and so denies them.

167.    ABB admits the allegations in paragraph 167.

168.    ABB denies that the referenced Texas law "protect[s] female sports." ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in the first sentence of paragraph 168. The second sentence of paragraph 168 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, ABB lacks knowledge or information sufficient to form a belief as to the truth of that sentence and so denies it.

169.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 169 and so denies them.

170.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 170 and so denies them.

171.    ABB admits that the preamble to the Rule contains the language quoted in paragraph 171.

172.    ABB admits the allegations in paragraph 172.

173.    The first sentence of paragraph 173 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, ABB is without knowledge or information sufficient to form a belief as to the truth of that sentence and so denies it. ABB is also without knowledge or information sufficient to form a belief as the factual allegations contained in the second sentence of paragraph 173 and so denies them.

174.    Paragraph 174 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, ABB is without knowledge or information sufficient to form a belief as to the truth of the paragraph and so denies it.

175.    Paragraph 175 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, ABB admits the allegations.

176.     ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 176 and so denies them.

177.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 177 and so denies them.

178.    ABBB denies the implication that the Rule would "prevent Carroll ISD from protection vulnerable students." ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 178 and so denies them.

179.    ABB denies that the Rule would require Carroll ISD to violate the constitutional rights of students. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 179 and so denies them.

180.    Paragraph 180 contains a legal conclusion for which no response is required. If a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 180 and therefore denies them.

181.    ABB admits that there exist, in the world, at least three students whose gender identities differ from their sex assigned at birth, and that, if these students attend Carroll Independent School District, the Rule might require the District to allow these students to participate in some school activities and programs in a manner consistent with their gender identity. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 181 and so denies them.

182.    The first sentence of Paragraph 182 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, ABB lacks knowledge or information sufficient to form a belief as to the truth of that sentence and so denies it. ABB also lacks knowledge or insufficient to form a belief as to the truth of the second sentence of paragraph 182 and so denies it.

183.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 183 and so denies them.

184.    ABB admits that the language quoted in paragraph 184 appears in Exhibit C. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 184 and so denies them.

185.    ABB denies the allegations in paragraph 185.

186.    ABB denies the allegations in paragraph 186.

187.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 187 and so denies them.

188.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 188 and so denies them.

189.    ABB denies the implication that the presence of transgender students in single-sex spaces injures students of the same gender. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in the first sentence of paragraph 189 and so denies them. The second sentence contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations in the second sentence of paragraph 189.

190.    Paragraph 190 contains legal conclusions to which no response is required. To the extend a response is deemed necessary, ABB admits that, in some circumstances, the Rule would require schools to permit adults to use sex separates spaces consistent with their gender identities. ABB denies the remaining factual allegations in paragraph 180.

191.    Paragraph 191 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies that the Rule deprives students of equal educational opportunities. ABB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

192.    ABB denies the allegations in paragraph 192.

193.    Paragraph 193 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

194.    ABB admits that many girls who participate in sports are more confident and have higher self-esteem, but it lacks sufficient knowledge or information to form a belief as to whether all girls who participate in sports are more confident and have higher self-esteem. ABB otherwise admits the allegations in paragraph 194.

195.    ABB admits the allegations in paragraph 195.

196.    ABB denies the allegations in paragraph 196.

197.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 197 and so denies them.

198.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 198 and so denies them.

199.    Paragraph 199 contains a legal conclusion for which no response is required. To the extent a response is deemed necessary, ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 199 and so denies it.

200.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 200 and so denies them.

201.    ABB denies the first sentence of paragraph 201 and denies that the two transgender girls who competed in girls' high school track and field in Connecticut are "males." ABB lacks knowledge or information to sufficient to form a belief as the truth of the remaining factual allegations and so denies them.

202.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 202 and so denies them.

203.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 203 and so denies them.

204.    ABB admits that the First Amendment of the U.S. Constitution protects the free exercise of religious and free speech of some people. It denies that the First Amendment protects these rights for all people on the planet.

205.    Paragraph 205 contains a legal conclusion to which no response is admitted. To the extent a response is deemed required, ABB denies the allegation.

206.    Paragraph 206 contains a legal conclusion to which no response is admitted. To the extent a response is deemed required, ABB denies the allegation.

207.    Paragraph 207 contains a legal conclusion to which no response is admitted. To the extent a response is deemed required, ABB denies the allegation.

208.    Paragraph 208 contains a legal conclusion to which no response is admitted. To the extent a response is deemed required, ABB denies the allegations.

209.    Paragraph 209 contains a legal conclusion to which no response is admitted. To the extent a response is deemed required, ABB denies the allegations.

210.    ABB lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 210 and so denies them.

211.    Paragraph 211 contains a legal conclusion to which no response is admitted. To the extent a response is deemed required, ABB denies the allegation.

212.    Paragraph 212 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that some speech by public school teachers on matters of public concern is protected by the First Amendment.

213.    Paragraph 213 contains a legal conclusion to which no response is admitted. To the extent a response is deemed required, ABB denies the allegation.

214.    Paragraph 214 contains a legal conclusion to which no response is admitted. To the extent a response is deemed required, ABB admits the first sentence of the paragraph and denies the second.

215.    Paragraph 215 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

216.    Paragraph 216 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

217.    Paragraph 217 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

218.    Paragraph 218 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

219.    Paragraph 219 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219 and so denies them.

220.    Paragraph 220 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

221.    Paragraph 221 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

222.    Paragraph 222 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that Defendants' past described conduct occurred under color of law and otherwise denies the allegations.

223.    Paragraph 223 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits the allegation.

224.    Paragraph 224 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that no statute precludes judicial review of the Rule, and it otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and so denies them.

225.    Paragraph 225 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

226.    Paragraph 226 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

227.    Paragraph 227 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

228.    Paragraph 228 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

229.    Paragraph 229 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

230.    Paragraph 230 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

231.    Paragraph 231 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation as to the Interpretation and Fact Sheet.

232.    ABB denies the allegations in paragraph 232 based on recent statements from the Department of Education to the contrary.

233.    Paragraph 233 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a belief as to whether Carroll Independent School District is susceptible to risk of enforcement under the Rule if it goes into effect, and the allegation is otherwise denied.

234.    Paragraph 234 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

235.    Paragraph 235 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

236.    Paragraph 236 contains a legal conclusion to which no response is required and is also vague. To the extent a response is deemed required, ABB denies the allegation.

237.    Paragraph 237 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

## CLAIMS FOR RELIEF

## FIRST COUNT

238.    ABB's answers to all allegations above are incorporated herein by reference.

239.    ABB admits the allegation in paragraph 239.

240.    Paragraph 240 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits the allegation.

241.    Paragraph 241 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

242.    Paragraph 242 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

243.    Paragraph 243 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

244.    Paragraph 244 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

245.    Paragraph 245 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

246.    Paragraph 246 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

247.    Paragraph 247 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

248.    Paragraph 248 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

249.    Paragraph 249 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

250.    Paragraph 250 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that a clear statement is sometimes necessary,

including sometimes to state sovereign immunity, denies the second sentence of the paragraph, and otherwise lacks knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 250 and so denies them.

251.    Paragraph 251 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

252.    Paragraph 252 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

253.    Paragraph 253 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

254.    Paragraph 254 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

255.    Paragraph 255 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

256.    Paragraph 256 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that, for a funding recipient to be liable for money damages for violating a Spending Clause statute, the statute must make clear the conditions of acceptance of federal funding. ABB otherwise denies the allegation.

257.    ABB denies the allegations in paragraph 257.

258.    Paragraph 258 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

259.    Paragraph 259 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

260.    Paragraph 260 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

## SECOND COUNT

261.    ABB's answers to all allegations above are incorporated herein by reference.

262.    ABB admits the allegation in paragraph 262.

263.    ABB admits the allegation in paragraph 263.

264.    ABB admits the allegation in paragraph 264.

265.    Paragraph 265 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

266.    Paragraph 266 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

267.    Paragraph 267 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

268.    Paragraph 268 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

269.    Paragraph 269 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

270.    Paragraph 270 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

271.    ABB admits the allegations in paragraph 271.

272.    ABB admits that some speech by some students is protected by the First Amendment and otherwise denies the allegations in paragraph 272.

273.    ABB admits that some speech on matters of public concern by some employees is protected by the First Amendment and otherwise denies the allegations in paragraph 273.

274.    Paragraph 274 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

275.    Paragraph 275 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

276.    Paragraph 276 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations are denied.

277.    Paragraph 277 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

278.    Paragraph 278 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information sufficient to form a view on the truth of the first sentence of the paragraph and denies the second sentence of the paragraph.

279.    Paragraph 279 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

280.    Paragraph 280 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

281.    Paragraph 281 contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

## THIRD COUNT

282.    ABB's answers to all allegations above are incorporated herein by reference.

283.    ABB admits the allegations in paragraph 283.

284.    ABB admits the allegations in paragraph 284.

285.    ABB admits the allegations in paragraph 285.

286.    Paragraph 286 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

287.    The first sentence of paragraph 287 contains a legal conclusion to which no response is required and is vague. To the extent a response is deemed required, the allegation is denied. ABB lacks knowledge or information sufficient to form a view as to the truth of the factual allegations in the second sentence of the paragraph and so denies them.

288.    Paragraph 288 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

289.    Paragraph 289 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

290.    Paragraph 290 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

291.    Paragraph 291 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

292.    Paragraph 292 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

293.    Paragraph 293 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information insufficient to form a view as to the truth of the allegation.

294.    Paragraph 294 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

295.    Paragraph 295 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

296.    Paragraph 296 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

### FOURTH COUNT

297.    ABB's answers to all allegations above are incorporated herein by reference.

298.    ABB admits the allegations in paragraph 298.

299.    ABB admits the allegations in paragraph 299.

300.    Paragraph 300 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits that agency action may be arbitrary and capricious in the circumstances described.

301.    Paragraph 301 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information insufficient to form a view as to the truth of the allegation.

302.    Paragraph 302 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

303.    Paragraph 303 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

304.    Paragraph 304 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

305.    Paragraph 305 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

306.    Paragraph 306 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

307.    Paragraph 307 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

308.    Paragraph 308 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

309.    Paragraph 309 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

310.    Paragraph 310 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB lacks knowledge or information insufficient to form a view as to the truth of the allegation and so denies them.

311.    Paragraph 311 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

312.    Paragraph 312 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

313.    Paragraph 313 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegations.

314.    Paragraph 314 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the last sentence of the paragraph. ABB otherwise lacks knowledge or information insufficient to form a view as to the truth of the allegations and so denies them.

315.    Paragraph 315 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

316.    Paragraph 316 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

**FIFTH COUNT**

317.    ABB's answers to all allegations above are incorporated herein by reference.

318.    ABB admits the allegations in paragraph 318.

319.    ABB admits the allegations in paragraph 319.

320.    Paragraph 320 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB admits the allegation.

321.    Paragraph 321 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

322.    Paragraph 322 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

323.    Paragraph 323 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

324.    Paragraph 324 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

325.    Paragraph 325 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

326.    Paragraph 326 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

327.    Paragraph 327 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

328.    Paragraph 328 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

329.    Paragraph 329 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

330.    Paragraph 330 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

331.    Paragraph 331 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

## SIXTH COUNT

332.    ABB's answers to all allegations above are incorporated herein by reference.

333.    ABB admits the allegations in paragraph 333.

334.    ABB admits the allegations in paragraph 334.

335.    Paragraph 335 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

336.    ABB lacks knowledge or insufficient sufficient to form a view of the truth of the allegations in paragraph 336.

337.    ABB lacks knowledge or insufficient sufficient to form a view of the truth of the vague allegations in paragraph 337 and so denies them.

338.    Paragraph 338 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

339.    ABB denies the allegations in paragraph 339.

340.    ABB denies the allegations in paragraph 340.

341.    ABB lacks knowledge or insufficient sufficient to form a view of the truth of the allegations in paragraph 341 and so denies them.

342.    ABB lacks knowledge or insufficient sufficient to form a view of the truth of the allegations in paragraph 342 and so denies them.

343.    ABB lacks knowledge or insufficient sufficient to form a view of the truth of the allegations in paragraph 343 and so denies them.

344.    Paragraph 344 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

345.    Paragraph 345 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

346.    Paragraph 346 contains a legal conclusion to which no response is required. To the extent a response is deemed required, ABB denies the allegation.

## AFFIRMATIVE DEFENSES

ABB sets forth below its defenses and affirmative defenses. Each defense and affirmative defense is asserted as to all causes of action. By setting forth these defenses and affirmative defenses, ABB does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiff. ABB also reserves the right to allege additional defenses and affirmative defenses as they become known or as they evolve during litigation.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted regarding 34 C.F.R. § 106.40.

## REQUEST FOR RELIEF

Wherefore, Proposed Intervenor A Better Balance respectfully requests that the Court dismiss Plaintiffs' claims with prejudice with respect to 34 C.F.R. § 106.40.

DATED: March 25, 2025                    Respectfully submitted,

/s/ *Roger L. Mandel*
Roger L. Mandel
JEEVES MANDEL LAW GROUP
2833 Crockett Street, Suite 135
Fort Worth, TX 76107
Phone: 214-253-8300
rmandel@jeevesmandellawgroup.com
khill@jeeveslawgroup.com

Matthew Borden*
Kory DeClark*
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808
borden@braunhagey.com
declark@braunhagey.com

Christman Rice*
Marissa Benavides*
Lily (Haeun) Kim*
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (415) 276-1808
rice@braunhagey.com
benavides@braunhagey.com
kim@braunhagey.com

Alexandra Z. Brodsky*
Adele P. Kimmel*
PUBLIC JUSTICE
1620 L Street NW
Suite 630
Washington, DC 20036
Phone: (202) 797-8600
abrodsky@publicjustice.net
akimmel@publicjustice.net

*Pro hac vice motions forthcoming*

*Attorneys for Proposed Intervenor-Defendant*

## CERTIFICATE OF SERVICE

I certify that on March 25, 2025, the above document was filed with the CM/ECF filing system, which electronically serves a copy to all counsel of record.

DATED: March 25, 2025                                    /s/ *Roger L. Mandel*
                                                         Roger L. Mandel