# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| CARROLL INDEPENDENT SCHOOL DISTRICT,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>     Defendants,<br><br>  and<br><br>A BETTER BALANCE,<br><br>  [Proposed] Intervenor-Defendant. | Case No. 4:24-CV-00461-O |

## PROPOSED INTERVENOR-DEFENDANT A BETTER BALANCE'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

**INTRODUCTION**

Proposed Intervenor A Better Balance ("ABB") is a national nonprofit organization that advocates for pregnant, parenting, and caregiving workers and students. ABB filed a Motion to Intervene in this action so it can appeal the vacatur of certain portions of the U.S. Department of Education's 2024 Title IX Rule that create protections for pregnant and postpartum students. Intervention is necessary because the government has indicated that it will not appeal any part of the Order vacating the Rule. ABB respectfully asks the Court to extend the deadline to notice an appeal by thirty days, so the court has ample time to rule on its Motion to Intervene. Plaintiff, through its counsel, has informed ABB that it opposes this motion. Defendants, through their counsel, have informed ABB that they take no position on this motion.

**BACKGROUND**

On February 19, 2025, this Court entered judgment for Plaintiff, vacating the federal regulation at issue in this case. *See* Judgment, ECF No. 87. Defendants have sixty days from the date of that judgment—until April 21, 2025—to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B). Because Defendants have indicated they will not do so, ABB moved to intervene and appeal in their stead. *See* ABB Mot. Intervene & Br. Supp. ("Mot. Intervene"), ECF No. 91. However, ABB's Motion to Intervene may not be resolved in time for it to notice an appeal. *See* Loc. R. 7.1(e)-(f) (providing default deadlines for briefing of motions); *see also Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) ("[A] timely post-judgment motion to intervene may not always be resolved before a notice of appeal is due.").

Although the Fifth Circuit has not provided guidance to proposed intervenors who find themselves in this situation, other appeals courts have. Proposed intervenors in this position "can file an emergency motion with the district court detailing the need for a ruling so that a timely

1

appeal may be taken." *Taylor*, 680 F.3d at 616 (quoting *Roe v. Town of Highland*, 909 F.2d 1097, 1099 (7th Cir. 1990)). "[T]he district court may [also] enlarge the time for filing an appeal." *Id.* (quoting *Roe*, 909 F.2d at 1099). Here, out of an abundance of caution, ABB asks this Court, by April 17, 2025, to extend the time to file an appeal by thirty days, to May 21, 2025, or, in the alternative, to fourteen days after it rules on this motion, *see* Fed. R. App. P. 4(a)(5)(C), so that the Court has ample time to resolve the Motion to Intervene and ABB can timely notice an appeal.

## **ARGUMENT**

A district court may extend the time to file a notice of appeal if (1) a party moves to do so no later than thirty days after the time to appeal expires and (2) that party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i)-(ii). Here, ABB satisfies both conditions.

First, this request is timely because the deadline for Defendants to appeal is April 21, 2025. *See supra* p. 1. So, ABB has moved prior to the deadline to notice an appeal.

Second, ABB has good cause for its motion because its inability to file timely notice of appeal is the result of forces beyond its control. *See United States v. Lewis*, No. 13-CR-00177, 2021 WL 3885237, at *2 (N.D. Tex. Aug. 31, 2021); Fed. R. App. P. 4(a)(5)(A) advisory committee's notes to 2002 amendment. ABB did not know it needed to move to intervene until Defendants' recent filings and public statements indicated that it very likely will not appeal. *See* Mot. Intervene 4-6. ABB then quickly filed its Motion to Intervene nearly a month before the deadline for filing a notice of appeal. *See id.* at 17. But, if the parties brief this motion according to this Court's usual deadlines, that briefing will not be complete before the notice of appeal deadline. *See* Loc. R. 7.1(e)-(f). And ABB cannot properly notice an appeal until after the Court grants it intervenor status. *See In re Fort Worth Chamber of Com.*, 100 F.4th 528, 536 (5th Cir. 2024) (explaining that the filing of a notice of appeal divests the district court of jurisdiction over

2

aspects of the case on appeal); *Taylor*, 680 F.3d at 616-17 (explaining that a proposed intervenor should file its notice of appeal after the district court grants its motion to intervene because the notice of appeal divests the district court of jurisdiction). Accordingly, although ABB is prepared today to file a notice of appeal, it cannot do so due to forces "not within [its] control." Fed. R. App. P. 4(a)(5)(A) advisory committee's notes to 2002 amendment.

Appellate courts have explained that an extension of time to notice an appeal is appropriate in circumstances like these. *See, e.g.*, *Taylor*, 680 F.3d at 616 (explaining that a district court may grant an extension to allow a proposed intervenor time to notice an appeal); *Evans v. Synopsys, Inc.*, 34 F.4th 762, 772 (9th Cir. 2022) (explaining that a district court should extend the time to file a notice of appeal until after it resolves a motion to intervene for the purposes of appealing); *CE Design, Ltd. v. Cy's Crab House N., Inc.*, 731 F.3d 725, 728–29 (7th Cir. 2013) (explaining that a proposed intervenor in ABB's position should "secure an extension of the appeal deadline"); *Roe*, 909 F.2d at 1099 & n.1 (noting that when a "putative intervenor" finds himself in this same "difficult situation," the district court may enlarge the time for filing an appeal). Consistent with that guidance, other district courts have granted similar motions from proposed intervenors seeking extensions of time to file a notice of appeal until after their motion to intervene is resolved. *See, e.g.*, *Thurman v. Fed. Deposit Ins. Corp.*, 889 F.2d 1441, 1443-44 (5th Cir. 1989) (noting the district court's decision to grant an extension of time to notice an appeal while it considered whether to permit movant to intervene); *Humane Soc'y Int'l v. U.S. Fish & Wildlife Serv.*, No. 16-CV-720, 2021 WL 4739036, at *4 (D.D.C. Oct. 12, 2021) (granting motion to extend time to allow new intervenor time to appeal); Minute Entry, *Ali v. City of Chicago*, No. 19-CV-022 (N.D. Ill. Mar. 11, 2021), ECF No. 123 (granting extension of time to file a notice of appeal "given the pendency of the motion . . . to intervene, which supplies good cause"); *Koike v. Starbucks Corp.*,

3

602 F. Supp. 2d 1158, 1163 (N.D. Cal. 2009) (granting extension of time to file notice of appeal for good cause because intervenor could not have filed notice of appeal until the court granted his motion to intervene); Order, *Flying J, Inc. v. Van Hollen*, No. 08-CV-110 (E.D. Wis. Mar. 5, 2009), ECF No. 57 (granting thirty-day extension because putative intervenor could not pursue an appeal until the court granted its motion to intervene).

Moreover, the requested extension will not prejudice the parties. Because the district court vacated the challenged regulation, that regulation cannot injure Plaintiff during the period of the requested extension. And Defendants' apparent decision not to appeal the Court's judgment indicates that Defendants do not believe they would be injured by the continued vacatur of the regulation.

For the above reasons, ABB asks that the Court extend the time to file a notice of appeal by thirty days to May 21, 2025. *See* Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."). In the alternative, ABB requests that the Court extend that time to fourteen days after the Court rules on this motion. *See id.* Finally, ABB requests that the Court grant its requested extension of time by April 17, 2025. That way, ABB will know it does not need to file a protective notice of appeal two business days later to preserve its ability to intervene, which would regrettably disrupt and delay the proceedings before this Court. *See Roe*, 909 F.2d at 1099-1100 ("[I]f the motion to intervene has not been acted upon within the time to appeal, the putative [intervenor] should nonetheless file a timely notice of appeal. Although the filing of the notice would deprive the district court of power to act on the motion to intervene, the cause may be remanded for that purpose." (cleaned up)).

## **CONCLUSION**

For the foregoing reasons, the Court should grant ABB's Motion for an Extension of Time to File Notice of Appeal.

| | |
|---|---|
| DATED: March 28, 2025 | Respectfully submitted, |

/s/ *Alexandra Z. Brodsky*
Alexandra Z. Brodsky*
Adele P. Kimmel*
PUBLIC JUSTICE
1620 L Street NW
Suite 630
Washington, DC 20036
Phone: (202) 797-8600
abrodsky@publicjustice.net
akimmel@publicjustice.net

Roger L. Mandel
JEEVES MANDEL LAW GROUP
2833 Crockett Street, Suite 135
Fort Worth, TX 76107
Phone: 214-253-8300
rmandel@jeevesmandellawgroup.com
khill@jeeveslawgroup.com

Matthew Borden**
Kory DeClark**
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808
borden@braunhagey.com
declark@braunhagey.com

Christman Rice**
Marissa Benavides**
Lily (Haeun) Kim**
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (415) 276-1808
rice@braunhagey.com
benavides@braunhagey.com
kim@braunhagey.com

*Admitted pro hac vice*
**Pro hac vice motions forthcoming*

*Attorneys for Proposed Intervenor-Defendant*

## **CERTIFICATE OF CONFERENCE**

On March 27, 2025, I conferred by email with Mathew Hoffman, counsel for Plaintiff Carroll Independent School District, and he stated that Plaintiff opposes the relief sought in this motion.

On March 27, 2025, I conferred by email with Elizabeth Tulis, counsel for Defendants, and she stated that Defendants take no position with respect to the relief sought in this motion.

DATED: March 28, 2025                                                                           /s/ *Alexandra Z. Brodsky*
                                                                                                                Alexandra Z. Brodsky

## **CERTIFICATE OF SERVICE**

I certify that on March 28, 2025, the above document was filed with the CM/ECF filing system, which electronically serves a copy to all counsel of record.

DATED: March 28, 2025                              /s/ *Alexandra Z. Brodsky*
                                                                      Alexandra Z. Brodsky