UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CARROLL INDEPENDENT SCHOOL DISTRICT,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>                Defendants,<br><br>    and<br><br>A BETTER BALANCE,<br><br>                [Proposed] Intervenor-Defendant. | Case No. 4:24-CV-00461-O |

**PROPOSED INTERVENOR-DEFENDANT A BETTER BALANCE'S
REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL
AND ITS MOTION FOR EXPEDITED BRIEFING**

## **INTRODUCTION**

A Better Balance ("ABB") seeks to intervene in this case for purposes of a post-judgment appeal. It filed its motion to intervene nearly a month before the deadline to notice an appeal, April 21, 2025. ABB has requested two non-exclusive ways by which the Court may permit itself time to rule on that motion prior to the appeal deadline: extending the time to notice an appeal and expediting briefing on the motion to intervene. Only Carroll Independent School District filed oppositions to these requests.

Good cause exists for an extension because, if that extra time is necessary for ABB to notice an appeal prior to the deadline, that will be due to forces beyond ABB's control. Until recently, Defendants represented ABB's interests by defending the Rule, so ABB could not have intervened. And ABB moved quickly to join the case after learning it needed to do so. But ABB cannot properly notice an appeal until the Court rules on its motion to intervene. Carroll ISD says that ABB should have instead moved to intervene last year, but such a motion would have been premature. Plus, even if ABB needed to demonstrate excusable neglect, it could do so, given that ABB moved quickly and in good faith and the extension would not disrupt the case or prejudice the parties.

In addition, or instead, the Court should expedite briefing on ABB's motion to intervene so that briefing concludes before the April 21, 2025, deadline. By doing so, the Court will give itself the option to rule before the current deadline or take additional time to consider the motion. This expedited schedule will not pose a hardship for the parties: Defendants have already filed their opposition to ABB's intervention motion, and Carroll ISD has represented it is already at work drafting its response.

1

## ARGUMENT

**I.     The Court should grant ABB's motion to extend the time to notice an appeal.**

"A motion for an extension filed prior to the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A) advisory committee's notes to 2002 amendment. Because ABB can demonstrate good cause, it need not also demonstrate excusable neglect. But it can.

**A.  ABB has demonstrated good cause for an extension.**

ABB has demonstrated good cause for an extension of the appeal deadline because, if it cannot properly notice an appeal before the current deadline, that will be due to factors beyond its control. *See* ABB Mot. Extension of Time to File Notice of Appeal ("ABB Extension Mot.") 2-4, ECF No. 97. ABB moved to intervene as soon as practicable given external developments, and is ready to file a notice of appeal as soon as the Court rules on its motion to intervene. But until then, ABB cannot properly do so. *See id.* at 2-3. If the Court would prefer additional time to rule, an extension of time makes good sense. *See Taylor v. KeyCorp*, 680 F.3d 609, 617 (6th Cir. 2012); *Roe v. Town of Highland*, 909 F.2d 1097, 1099 (7th Cir. 1990). The extension would provide the Court an additional thirty days to rule while still permitting ABB to file a timely notice of appeal.

The crux of Carroll ISD's opposition to the extension is that, in its view, ABB should have moved to intervene sooner, thus potentially obviating the need for an extension. *See* Pl.'s Opp'n Mots. Extension of Time to File Notice of Appeal & Expedited Briefing ("Carroll ISD Extension Opp'n") 6-7, ECF No. 126. But if ABB had moved to intervene last summer, as Carroll ISD contends it should have, its motion would have been premature. Back then, ABB could not have shown, as required by Rule 24(a)(2), that its interest was inadequately represented by the existing parties to the suit. *See* Fed. R. Civ. P. 24(a)(2). At that stage, and until recently, Defendants

2

defended the Rule, including the pregnancy-related provision, in this litigation. *See, e.g.*, Defs.' Mem. Supp. Resp. Mot. Summ. J., ECF No. 65; Defs.' Br. Supp. Resp. Mot. Prelim. Inj., ECF No. 29. In doing so, Defendants demonstrated they shared ABB's "ultimate objective" of defending the Rule. *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987).

ABB's motion would also have been too early if it had tried to intervene "when President Trump won reelection and vowed to eliminate the Rule." Carroll ISD Extension Opp'n 6. As this Court explained shortly after President Trump started his first term, in *Franciscan Alliance, Inc. v. Burwell*, "an administrative change in the executive branch does not indicate a shift in position with respect to a particular case." No. 7:16-CV-00108-O, 2017 WL 2964088, at *4 (N.D. Tex. Jan. 24, 2017) (O'Connor, J.). In that case, this Court rejected an argument by the ACLU that "health care proposals from the incoming administration," reported in the media shortly after the 2016 election, demonstrated the federal government would no longer defend a challenge to health regulations, calling that evidence "wholly insufficient to demonstrate a change position by [the government d]efendants." *Id.* The Court also noted it "makes no speculation as to future policy positions of any administration based on media reports." *Id.* Had ABB sought to intervene last fall based on the *Education Week* article cited by Carroll ISD (at 3)—which quoted, without context, a comment President Trump made on a radio show in May—it would have failed for the same reason. *See* Mark Walsh, *The Uncertainty Ahead for Title IX and Transgender Students in Trump's New Term,* Educ. Week (Nov. 21, 2024), https://perma.cc/4P9G-6PYV.

Moreover, in *Franciscan Alliance*, this Court held that a defendant's refusal to "provide[] assurances that they will appeal" an adverse ruling does not render it an inadequate representative for a putative intervenor-defendant. 2017 WL 2964088, at *4. Accordingly, ABB's motion to

3

intervene in this case would have been premature until after Defendants confirmed they would not defend the Rule on appeal—a decision the U.S. Department of Education and its Secretary did not make until sometime between March 7 and March 10, and which was only publicly confirmed when the government did not notice an appeal by the deadline in a related case. *See* Defs.' Resp. Opp'n VRLC & Doe Mot. Intervene 1-2, *Tennessee v. McMahon*, No. 24-cv-00072 (E.D. Ky. Mar. 7, 2025), ECF No. 180 (explaining that the Department and Secretary had "not yet made a final determination" about whether to appeal, by the March 10 deadline, another court's vacatur of the Rule); Letter Mem. of Additional Citation, *Tennessee v. McMahon*, No. 24-5588 (6th Cir. Mar. 11, 2025), ECF No. 120 (noting, in Sixth Circuit filing, that "the federal defendants declined to seek further review of the district court's judgment" by the March 10 deadline); *see also* Joint Status Report, Feb. 17, 2025, ECF No. 85 (representing, on behalf of Carroll ISD and Defendants, "that the parties agree that this case remains a live controversy").

Carroll ISD acknowledges that ABB and other proposed intervenors may not have known "about the threat to their interests" until "shortly after this Court vacated the Rule" on February 19. Carroll ISD Extension Opp'n 7. Per *Franciscan Alliance*, that is starting the clock too soon, since Defendants had not yet decided not to appeal. But even accepting Carroll ISD's timeline, ABB can hardly be faulted for taking a month to draft the necessary filings. Moving to intervene requires work, including assembling a legal team, researching applicable law, writing a brief, and answering a 346-paragraph complaint. *See* ABB Mot. Intervene & Br. Supp., ECF No. 91; ABB Answer, ECF No. 92. And this work takes time. Although the good cause standard and Rule 24(a)(2) timeliness standard for intervention are not identical, this Court has held that another motion to intervene was timely when filed three months after the movant "recognized its interests would no longer be protected." *VanDerStok v. Garland*, 680 F. Supp. 3d 741, 755-56 (N.D. Tex.

4

2023) (O'Connor, J.), *aff'd in part, vacated in part on other grounds,* 86 F.4th 179 (5th Cir. 2023), *rev'd on other grounds sub nom. Bondi v. VanDerStok*, No. 23-852, 2025 WL 906503 (U.S. Mar. 26, 2025); *see also, e.g.*, *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202-03 (5th Cir. 1992) (holding that motion to intervene was timely when filed a "short time" of two months after putative intervenor learned of his need to get involved in the suit); ABB Mot. Intervene & Br. Supp. 15-20 (explaining why ABB's motion to intervene is timely). Moreover, it makes sense that ABB moved to intervene in another challenge to the Rule, in the Eastern District of Kentucky, earlier than in this case: The other court vacated the Rule more than five weeks earlier, prompting ABB's need to move to intervene even before Defendants decided whether to appeal that judgment. *See Tennessee v. Cardona*, No. 24-CV-072, 2025 WL 63795, at *7 (E.D. Ky. Jan. 10, 2025); *supra* p. 4 (discussing Defendants' decision-making timeline).

Accordingly, ABB moved to intervene as soon as practicable in light of factors beyond its control. If an extension is required for the Court to rule on its motion prior to the deadline to appeal, ABB has demonstrated the required good cause.

Carroll ISD is wrong about the appellate cases that speak directly to a situation like this one, and which recommend extensions like the one ABB seeks. It is true, for example, that in *Taylor v. KeyCorp*, the proposed intervenor "didn't 'give[]' the district court 'sufficient opportunity to address the motion to intervene prior to the filing of the notice of appeal.'" Carroll ISD Extension Opp'n 9 (quoting *Taylor*, 680 F.3d at 617). But, there, the movant filed only three days before the deadline for plaintiffs to file their appeal. *See Taylor*, 680 F.3d at 612 (noting final judgment was entered on August 12, 2010, resulting in a September 13 deadline to appeal, and the putative intervenor moved to intervene on September 10). Even worse, in *Roe v. Town of Highland*, the putative intervenor moved the day before the notice of appeal was due, and his lawyer filed a

5

notice of appeal, on behalf of a different client, on the same day. *See* 909 F.2d at 1098. By contrast, ABB moved to intervene twenty-seven days prior to the appeal deadline.

Both *Taylor* and *Roe* also noted "that a timely post-judgment motion to intervene may not always be resolved before a notice of appeal is due." *Taylor*, 680 F.3d. at 616 (citing *Roe*, 909 F.2d at 1099). That follows, too, from the rule that a motion to intervene for purposes of an appeal will ordinarily be timely if filed before the deadline to notice an appeal. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 (1977); *Ross v. Marshall*, 426 F.3d 745, 755 (5th Cir. 2005). In those circumstances, even though the motion is timely, this Court's (and others') standard briefing schedule will never finish before the thirty-day appeal deadline that applies when the federal government is not a party. *See, e.g.*, Loc. R. 7.1(e)-(f) (providing thirty-five-day default briefing schedule for motions); Fed. R. App. P. 4(a)(1)(A) (setting standard thirty-day deadline to notice appeal). Plus, both *Taylor* and *Roe* have recommended that, if needed, courts extend the appeal deadline to provide additional time for consideration of a motion to intervene. *See Taylor*, 680 F.3d at 617; *Roe*, 909 F.2d at 1099. Courts frequently do. *See, e.g.*, *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1159, 1163 (N.D. Cal. 2009) (extending time to file notice of appeal for intervenor who moved to join the case more than five weeks after notice of settlement that demonstrated his rights were not protected); ABB Extension Mot. 3-4 (collecting cases). So, contrary to Carroll ISD's suggestion (at 9), a post-judgment motion to intervene is not too late simply because an ordinary briefing schedule will not conclude before the deadline. If this Court wants more time to decide ABB's motion, it should take it and extend the deadline to notice an appeal.

### B. Although unnecessary, ABB could establish excusable neglect.

If ABB needed to show excusable neglect, it could. As Carroll ISD notes (at 10), in assessing excusable neglect, courts consider factors including "the danger of prejudice [to the nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Here, the relevant factors counsel in favor of an extension. The extension will not deleteriously affect the judicial proceedings: All it will do is give the Court more time to consider ABB's motion. For the reasons explained above, if ABB requires additional time to file a notice of appeal, that delay will be due to factors beyond its control, not any lack of diligence. *See supra* Part I. And Carroll ISD rightly does not argue there is any evidence ABB has acted in bad faith.

Finally, the extension will not prejudice the parties. *See* ABB Extension Mot. 4. Carroll ISD first asserts the extension will prejudice it "by forcing it to wait to receive a final ruling on its claims." Carroll ISD Extension Opp'n 11. But Carroll ISD already has received a final judgment from this Court vacating the Rule nationwide. *See* Order, ECF No. 86. The school district does not explain how it will be injured if ABB's appeal from that judgment starts a month later. If anything, Carroll ISD would benefit from a delay in appellate proceedings because, if ABB's appeal is successful, the extension will have delayed a partial revival of the Rule (though Carroll ISD has never alleged it would be injured by the part of the Rule ABB seeks to revive, *see generally* Compl., ECF No 1; Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 59).

Carroll ISD also complains that an extension would "forc[e] it to defend arguments on appeal that the government waived below." Carroll ISD Extension Opp'n 11. That is wrong for

multiple reasons. Carroll ISD provides no support for its assertions that ABB intends to raise arguments waived by Defendants, and it does not: Defendants repeatedly argued that, even if Carroll ISD were right that the provisions it challenged were unlawful, other parts of the Rule, including those that protect pregnant and postpartum students, should go into effect. *See* Defs.' Mem. Supp. Resp. Mot. Summ. J.; Defs.' Br. Supp. Resp. Mot. Prelim. Inj. Carroll ISD "can hardly contend that its ability to litigate the issue was unfairly prejudiced simply because an appeal . . . was brought by [an intervenor-defendant], rather than by one of the original named [defendants]." *McDonald*, 432 U.S. at 394. Besides, that inconvenience would be attributable to ABB's proposed intervention, not the extension.

## II.     The Court should grant ABB's motion to expedite briefing.

In addition to, or instead of, extending the time to appeal, the Court should also grant ABB's motion to expedite briefing. Defendants have already filed their opposition to ABB's motion to intervene. *See* Defs.' Resp. ABB's Mot. Intervene, ECF No. 131. Carroll ISD opposes ABB's motion to expedite, but represents it is already at work on its opposition in light of this Court's previous order. *See* Pl.'s Opp'n ABB's Mot. Expedited Briefing 3, ECF No. 130.

The Court has the inherent authority to manage its docket. *See, e.g.*, *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (noting "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"). In exercising this authority, this Court and others regularly expedite briefing when a quick decision is needed, including when time is pressed due to a "fast-approaching deadline." *United States v. Planned Parenthood Fed'n of Am., Inc.*, No. 21-CV-022-Z, 2022 WL 19030987, at *1 (N.D. Tex. Oct. 18, 2022); *see Braidwood Mgmt. Inc. v. Becerra*, No. 20-CV-00283-O, 2023 WL 3032062, at *1 (N.D. Tex. Apr. 20, 2023) (O'Connor, J.) (noting that this Court expedited briefing on a motion for which

defendants requested a decision within eight days); *Polymer80, Inc. v. Garland*, No. 23-CV-00029-O, 2023 WL 11955673, at *1-2 (N.D. Tex. Mar. 12, 2023) (O'Connor, J.) (noting that this Court expedited briefing due to party's allegations that it would be injured without a swift decision, but declining to expedite briefing on a legal question that did not require quick resolution).

Previously in this case, the Court expedited briefing "in the interests of justice" to quickly resolve Carroll ISD's motion to stay the challenged Rule's effective date. Order, ECF No. 55; *see* Order, ECF No. 57. And, in light of upcoming deadlines, the Court recently expedited briefing on proposed intervenors' motions to extend the time to notice an appeal and motions to expedite. *See* Order, Apr. 3, 2025, ECF No. 129 (ordering expedited briefing on ABB's motion to expedite briefing); Order, Mar. 31, 2025, ECF No. 108 (ordering expedited briefing on other proposed intervenor's motion to extend time to notice appeal); Order, Mar. 31, 2025, ECF No. 107 (ordering expedited briefing on other proposed intervenor's motion to expedite briefing); Order, Mar. 31, 2025, ECF No. 98 (ordering expedited briefing on ABB's motion to extend time to notice appeal, noting ABB requests a decision by April 17).

Plus, as noted in ABB's original motion, courts regularly adjust deadlines to allow time to decide post-judgment motions to intervene prior to the appeal deadline. *See* ABB Mot. Expedite Briefing on Mot. Intervene & Br. Supp. 2, ECF No. 124. Carroll ISD (at 2-3) faults ABB for citing court orders adjusting deadlines to notice an appeal, rather than deadlines for briefing. But ABB's citations support the point that, in circumstances like these, it is appropriate and routine for a court to adjust a deadline to permit adequate time for consideration of a motion to intervene like ABB's. And there can be no question that the Court has the power to expedite briefing. *See supra* pp. 8-9. Besides, in demanding more case citations from ABB, Carroll ISD cites (at 3) inapposite decisions that do not hold, as it suggests, that every motion, even routine scheduling ones, require case law.

9

*See Tech Safety Lines, Inc. v. Mallory Safety & Supply, LLC*, No. 23-CV-1015-X, 2024 WL 3850817 at *2 n.16 (N.D. Tex. Aug. 15, 2024) (denying motion to dismiss because defendant's failure to cite cases applicable to one of plaintiff's claims suggested that the defendant had not moved for dismissal of that claim); *F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 20-CV-269-H, 2021 WL 5883136, at *11 (N.D. Tex. Dec. 10, 2021) (denying motion to set aside entry of default because "no cause [was] given" for requested relief, so there could be "no good cause").

Here, under the Court's ordinary briefing schedule, briefing on ABB's motion to intervene will be complete by April 30, 2025. *See* Loc. R. 7.1(e)-(f) (providing default deadlines for briefing of motions). If the Court extends the time to notice an appeal by thirty days, that briefing schedule will provide the Court three weeks to decide the motion prior to the appeal deadline. If, however, the Court prefers more than three weeks to consider the motion to intervene, or prefers to rule before the current deadline, expedited briefing will provide the Court these options.

Because ABB's original suggestion for an expedited briefing schedule is no longer possible, ABB proposes that the Court instead permit Carroll ISD until April 10—only three business days earlier than Carroll ISD's default deadline, *see* Loc. R. 7.1(e)—to file its opposition and permit ABB until April 16 to file its reply. That is the same timeline the other proposed intervenors suggested yesterday. *See* VRLC & Doe Reply Supp. Mots. Extension & Expedited Briefing 2-3, ECF No. 132.

## **CONCLUSION**

For the foregoing reasons, and those described in ABB's initial motion, the Court should grant ABB's Motion for an Extension of Time to File Notice of Appeal and its Motion for Expedited Briefing.

| | |
|---|---|
| DATED: April 8, 2025 | Respectfully submitted, |

/s/ *Alexandra Z. Brodsky*
Alexandra Z. Brodsky*
Adele P. Kimmel*
PUBLIC JUSTICE
1620 L Street NW
Suite 630
Washington, DC 20036
Phone: (202) 797-8600
abrodsky@publicjustice.net
akimmel@publicjustice.net

Roger L. Mandel
JEEVES MANDEL LAW GROUP
2833 Crockett Street, Suite 135
Fort Worth, TX 76107
Phone: 214-253-8300
rmandel@jeevesmandellawgroup.com
khill@jeeveslawgroup.com

Matthew Borden**
Kory DeClark**
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808
borden@braunhagey.com
declark@braunhagey.com

Christman Rice**
Marissa Benavides**
Lily (Haeun) Kim**
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (415) 276-1808
rice@braunhagey.com
benavides@braunhagey.com
kim@braunhagey.com

*Admitted pro hac vice*
**Pro hac vice motions forthcoming*

*Attorneys for Proposed Intervenor-Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on April 8, 2025, the above document was filed with the CM/ECF filing system, which electronically serves a copy to all counsel of record.


DATED: April 8, 2025                                    /s/ *Alexandra Z. Brodsky*
                                                         Alexandra Z. Brodsky