**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CARROLL INDEPENDENT SCHOOL DISTRICT,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 4:24-CV-00461-O** |
| **UNITED STATES DEPARTMENT OF EDUCATION, ET AL.,** | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court is Defendant's Motion to Proceed Pseudonymously (ECF No. 105). Generally, every pleading must contain all parties' names. Fed. R. Civ. P. 10(a). But that requirement may yield "to a policy of protecting privacy in a very private matter." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citation and internal quotation marks omitted). Courts consider whether the party seeking anonymity would be required to disclose information "of the utmost intimacy," among other circumstances. *Id.* As the Fifth Circuit has explained, "[w]here the issues involved are matters of a sensitive and highly personal nature," the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter. *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) (cleaned up).

Here, Defendant seeks to proceed pseudonymously because she is a young woman who was raped. The sensitive and highly personal nature of these matters weighs strongly in favor of protecting Defendant's privacy. *See Stegall*, 653 F.2d at 185–86; *Wynne & Jaffe*, 599 F.2d at 712–13.

Accordingly, the Court finds that Defendant's substantial privacy interest in maintaining her anonymity outweighs the presumption in favor of requiring parties to proceed under their real names. Accordingly, Defendant's Motion (ECF No. 105) is **GRANTED**. Defendant may proceed in this action under the pseudonym "Jane Doe."

**SO ORDERED** on this **4th day** of **September, 2026.**

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE